420 So.2d 908 (1982)
Amado L. PEDROSO, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1601.
District Court of Appeal of Florida, Second District.
October 20, 1982.
HOBSON, Acting Chief Judge.
Amado L. Pedroso appeals the denial of a Florida Rule of Criminal Procedure 3.850 motion. We affirm.
In January 1980 a trial judge adjudicated appellant guilty of armed robbery and sentenced him to thirty years imprisonment, retaining jurisdiction over the first third of the sentence. Appellant appealed the conviction, but not the sentence, and we affirmed without a written opinion. Pedroso v. State, 386 So.2d 647 (Fla. 2d DCA 1980). In May 1982 he filed a Rule 3.850 motion alleging that the trial judge did not state the reasons for retaining jurisdiction with individual particularity as required by section 947.16(3)(a), Florida Statutes (1979). The judge summarily denied the motion.
A Rule 3.850 motion is not a substitute for a direct appeal. Raulerson v. State, 420 So.2d 567, at 569 (Fla. Aug. 26, 1982). In other words, where issues raised on a Rule 3.850 motion could have been or were raised on a direct appeal, denial of the motion is proper. Id.; Meeks v. State, 382 So.2d 673, 675 (Fla. 1980). Appellant could have raised the retention of jurisdiction issue on direct appeal. Thus, the issue is not now cognizable for collateral attack.
We respectfully disagree with our sister court's decision in Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981), dismissing a direct appeal alleging improper retention of jurisdiction without prejudice to raise the issue on a Rule 3.850 motion.
Accordingly, the trial judge's denial of the Rule 3.850 motion is AFFIRMED.
BOARDMAN and DANAHY, JJ., concur.