LEHAN, Judge.
Appellant was convicted of second degree robbery of a store for which he received a sentence of fifteen years imprisonment. On appeal he raises two points, the first of which is without merit. Appellant contends that the trial court erred in improperly giving a jury instruction for possession of recently stolen property. However, the instruction was proper since the record reflects that the state established an adequate factual basis showing appellant’s possession of stolen money. See State v. Young, 217 So.2d 567 (Fla.1968); Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979). Within two hours after the offense, a roll of coins, identified as having been stolen from the store, was recovered from the automobile driven by appellant. Also, the coins and currency taken from appellant’s person totaled the approximate amount stolen from the store.
As his second point appellant asserts that the court erred in its retention of jurisdiction over the entire sentence of fifteen years. Although the record does not reflect an objection below, we address this issue since appellant challenges the legality of the sentence. Brainard v. State, 380 So.2d 1302 (Fla. 2d DCA 1980); Kohn v. State, 289 So.2d 48 (Fla. 3d DCA 1974).
When a trial court retains jurisdiction over a sentence, its jurisdiction is limited to the first third of the maximum sentence imposed. Section 947.16(3), Florida Statutes (1981). See Williams v. State, 374 So.2d 1086 (Fla. 2d DCA 1976). Also, the court should state with individual particularity its justification for retention of jurisdiction. Section 947.16(3)(a), Florida Statutes (1981). No reason was given for retaining jurisdiction here.
*2 Therefore, we affirm the judgment, but we remand with directions that the court vacate that portion of the order retaining jurisdiction over the entire sentence and resentence appellant in compliance with the foregoing statutory requirements.
HOBSON, A.C.J., and RYDER, J., concur.