443 So.2d 484 (1984)
Buford SPRINGFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 83-663.
District Court of Appeal of Florida, Second District.
January 13, 1984.
Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
We affirm the trial court's order revoking appellant's probation. Appellant first argues that the evidence was insufficient to support a finding that he had committed a robbery, a violation of condition 5 requiring that he live and remain at liberty without violating any law. That argument is unpersuasive. The state furnished a witness who said that appellant did participate in the robbery, while appellant denied it. The court chose to believe the state's witness. In the context of the relaxed legal standards applicable to probation revocation proceedings, we find that the conscience of the court was satisfied and that the trial court committed no reversible error. Cuciak v. State, 410 So.2d 916 (Fla. 1982); Bernhardt v. State, 288 So.2d 490 *485 (Fla. 1974); Ivey v. State, 308 So.2d 565 (Fla. 2d DCA 1975).
Appellant next argues that the trial court erred in retaining jurisdiction over the first half of the concurrent sentences imposed upon revocation of his probation. He contends that the amendment to section 947.16, Florida Statutes (Supp. 1982), under which the trial judge retained jurisdiction over his sentences, is an unconstitutional ex post facto law, both on its face and as applied to him. Appellant's contention that the statute is facially unconstitutional has been previously addressed and rejected. Borden v. State, 402 So.2d 1176 (Fla. 1981); Sellers v. State, 421 So.2d 782 (Fla. 2d DCA 1982); Arnett v. State, 397 So.2d 330 (Fla. 1st DCA 1981), cert. denied, 408 So.2d 1092 (Fla. 1981).
His further contention that the statute is unconstitutional as applied to himself is correct. Williams v. State, 414 So.2d 509 (Fla. 1982); State v. Williams, 397 So.2d 663 (Fla. 1981). However, we cannot address that argument because the record before us affirmatively shows that he did not raise this issue before the trial judge. Thus, he finds himself in a different position than, for example, the appellants in Williams v. State, 414 So.2d 509 (Fla. 1982), and Reid v. State, 440 So.2d 651 (Fla. 2d DCA 1983), who did initially and properly bring the error to the attention of the trial court for its timely consideration and correction. Ex post facto application of the retention statute is not fundamental error and objection must be made in the trial court to preserve that issue for review by direct appeal.[1]Trushin v. State, 425 So.2d 1126 (Fla. 1982); Williams v. State, 414 So.2d 509 (Fla. 1982); Fredricks v. State, 440 So.2d 433 (Fla. 1st DCA 1983); Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983); Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982).
AFFIRMED.
OTT, C.J., and SCHEB, J., concur.
NOTES
[1] Our holding is without prejudice to appellant seeking relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850.