447 So.2d 328 (1984)
George W. MOBLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-722.
District Court of Appeal of Florida, Second District.
February 24, 1984.
Rehearing Denied March 22, 1984.
Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, George W. Mobley, is challenging the trial court's retention of jurisdiction over one-half of his sentence on the grounds that section 947.16, Florida Statutes (1981) was amended to provide an increase from one-third to one-half of the sentence after the date of commission of the offense. We affirm.
On May 14, 1981, appellant was charged by information with robbery with a firearm. On August 17, 1981, the information was amended to charge robbery with a deadly weapon. On August 19, 1981, appellant was charged by a second information with another incident of robbery with a firearm. On November 2, 1981, this information was amended to charge robbery with a deadly weapon. Appellant pled guilty to both informations and was placed on ten years probation on each charge to run concurrently.
On January 28, 1983, appellant was charged with violating Conditions V and VI of his probation. Condition V required appellant to remain at liberty without violating any law, while Condition VI required him not to use intoxicants to excess. At the probation revocation hearing, appellant pled guilty to driving an automobile with a suspended license and driving under the influence of alcohol. However, appellant pled not guilty to the charge of robbery.
Appellant was adjudicated guilty of robbery. The trial court imposed consecutive sentences of ninety-nine years each and retained jurisdiction over one-half of each sentence. Appellant's argument that the court's retention of jurisdiction constitutes an ex post facto law is without merit. Appellant imposed no objection to the retention *329 of jurisdiction at the revocation of probation hearing or at conviction and sentencing. In Fredricks v. State, 440 So.2d 433 (Fla. 1st DCA 1983), the court held that ex post facto application of the retention statute is not fundamental error, and an objection must be made at the trial level to preserve the issue for appellate review. Williams v. State, 414 So.2d 509 (Fla. 1982); Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983). Therefore, we affirm the judgment of the trial court based on Springfield v. State, 443 So.2d 484 (Fla. 2d DCA 1984), and Fredricks v. State.
GRIMES, A.C.J., and SCHEB and CAMPBELL, JJ., concur.