ON REHEARING
PER CURIAM.
The State has filed a motion for rehearing contending in part that neither of the issues raised by appellant in his motion for post-conviction relief and addressed in our opinion is properly cognizable via a Rule 3.850 motion. Appellee argues that the issues of credit for jail time served prior to sentencing and retention of jurisdiction without specified reasons involve procedural errors which could have been raised at trial and, if preserved, on direct appeal.
With regard to the retention of jurisdiction issue, appellee requests that we certify that the instant decision is in direct and express conflict with a decision of another district court of appeal on the same point of law. We recognize that our decision in this case conflicts with the Second District’s opinion in Pedroso v. State, 420 So.2d 908 (Fla. 2d DCA 1982), which holds that the trial court’s failure to state with particularity its reasons for retaining jurisdiction can be raised only on direct appeal. Accordingly, we certify this conflict to the Florida Supreme Court.
In view of the divergent views which appear to be emanating from the several *18 district courts concerning the raising of alleged sentencing errors by direct appeal and Rule 3.850 motion, and the impact on the same by the Supreme Court’s decision in State v. Rhoden, 448 So.2d 1013 (Fla.1984), we certify, in addition to the question certified in our original opinion, the following questions to be of great public importance:
(1) Whether a trial court’s failure to credit a defendant with time spent in a Florida or foreign jail prior to sentencing may be raised by a Rule 3.850 motion, or must such be raised by direct appeal?
(2) Whether a trial court’s failure to state with particularity the reasons for retention of jurisdiction under Section 947.16, Florida Statutes, may be raised by a Rule 3.850 motion, or must such be raised by direct appeal?
Appellee’s motion for rehearing is denied as are appellee’s motion to rescind certification and motion to stay.
Appellant also has filed a motion for rehearing and an amended motion for rehearing, which we find to be without merit and deny.
SHIVERS, WENTWORTH and NIM-MONS, JJ., concur.