462 So.2d 455 (1985)
STATE of Florida, Petitioner,
v.
Steven SNOW, Respondent.
No. 64890.
Supreme Court of Florida.
January 10, 1985.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, First District, in Snow v. State, 443 So.2d 1074 (Fla. 1st DCA 1984), which expressly and directly conflicts with Pedroso v. State, 420 So.2d 908 (Fla. 2d DCA 1982).
Snow was convicted and sentenced for kidnapping and sexual battery. The trial court retained jurisdiction for one-third of the sentence imposed. On the record, the trial judge stated his justification for retaining jurisdiction was that Snow terrified and terrorized a sixteen-year-old girl. Snow objected generally to the court's retaining jurisdiction. Snow appealed his sentence on the basis that the trial judge erred in retaining jurisdiction without stating the reasons for doing so with individual particularity as required by section 947.16(3)(a), Florida Statutes (1981). The district court declined to consider this alleged error because it was not raised in the trial *456 court. It dismissed the appeal without prejudice to Snow's raising this issue in a Florida Rule of Criminal Procedure 3.850 motion. It cited as authority its recent decision in Walker v. State, 442 So.2d 977 (Fla. 1st DCA 1983).
In Walker, defendant appealed his sentence as an habitual felony offender on the basis that the trial court erred in failing to state the underlying facts and circumstances upon which it relied in finding that an extended sentence was necessary for the protection of the public from further criminal activity by him. The First District dismissed the appeal without prejudice to defendant's raising this issue in a rule 3.850 motion because defendant had not raised the issue below and thus had not preserved the issue for review by direct appeal.
The state now seeks review here on the basis that the present decision of the First District conflicts with Pedroso v. State, wherein the Second District affirmed the trial court's summary denial of a rule 3.850 motion where Pedroso attempted to raise the claim that the trial court had failed to state with individual particularity as required by section 947.16(3)(a), Florida Statutes (1979), the reasons for retaining jurisdiction over the first third of his sentence. The district court held that this issue was not cognizable on collateral attack because Pedroso could have raised this issue on direct appeal.
After the state sought review here, the First District decided Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984), wherein it declined to follow Walker in view of this Court's intervening decision in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), which it felt was controlling and which dictated a contrary result to Walker. On appeal, Weston claimed that the trial court failed to make the requisite findings in connection with his sentence to an extended term under the habitual offender law. The state contended that because Weston's attorney did not make an objection in the trial court to the court's failure to make the findings, he was precluded from raising the issue on appeal. The First District acknowledged that the state's position was consistent with its decision in Walker v. State, but held that our more recent holding in State v. Rhoden was controlling and dictated a contrary result. It reversed the sentence insofar as the extended term imposed under the habitual offender law and remanded for reconsideration of the imposition of the extended term in compliance with section 775.084, Florida Statutes (1981).
The First District then decided Cofield v. State, 453 So.2d 409 (Fla. 1st DCA 1984), wherein defendant contended on appeal that the trial court erred in retaining jurisdiction over one-half of the two consecutive life sentences imposed upon him because any retention over an immeasurable life sentence is improper and because the application of the revised retention statute was an ex post facto violation. The district court declined to reach the merits of defendant's claims because he had failed to object below. The First District distinguished Rhoden on the basis that it was limited to situations where the trial court, in sentencing a defendant, fails to comply with a mandatory duty imposed upon it by statute.
In State v. Rhoden, we held that the statutory duty placed upon the trial court to make specific findings of fact when sentencing a juvenile offender as an adult was intended to be mandatory. In those situations where the statute places a mandatory duty upon the trial judge to make specific findings, we held the contemporaneous objection rule did not apply to bar appellate review of the court's failure to follow the mandatory sentencing requirements.
Most recently in Walker v. State, 462 So.2d 452 (Fla. 1985), we quashed the above-mentioned decision of the First District in Walker v. State on the authority of Rhoden and held that it is clear that the legislature intended that the trial court make specific findings of fact when sentencing a defendant as an habitual offender and that the trial court's failure to make such findings is appealable regardless of whether such failure is objected to at trial.
*457 In the present case the statute pursuant to which the trial court retained jurisdiction over one-third of Snow's sentence provided that "[i]n retaining jurisdiction for purposes of this act, the trial court shall state the justification with individual particularity, and said justification shall be made a part of the court record." § 947.16(3)(a), Fla. Stat. (1981). If the trial court fails to follow the mandatory requirements of this statute, then pursuant to our decisions in Rhoden and Walker, a defendant may not be precluded from raising this point on appeal because he failed to object in the trial court. The district court, therefore, should have considered this issue.
Accordingly, the decision of the district court declining to consider the issue raised by Snow is quashed, and this cause is remanded to the district court to determine whether the trial court complied with section 947.16(3)(a)
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.