DANAHY, Judge.
On March 21, 1984, this court issued an opinion reversing in part the order revoking the defendant’s probation in four criminal eases against her. Cochran v. State, 446 So.2d 1188 (Fla. 2d DCA 1984). The supreme court quashed that opinion and remanded the matter to this court. State v. Cochran, 455 So.2d 387 (Fla.1984). On October 10, 1984, this court issued its mandate to the trial court affirming the judgment of the trial court.
The defendant has now filed a motion asking this court to withdraw its mandate, pointing out that this court apparently has not considered the other two points raised on the defendant’s initial appeal to this court. One of those issues is whether the trial judge improperly retained jurisdiction over one-half the defendant’s sentence in view of the fact that the offenses committed by the defendant occurred prior to the effective date of the 1982 amendment to section 947.16, Florida Statutes (1983), increasing from one-third to one-half the length of sentence over which a trial court may retain jurisdiction. At the time the offenses in this ease were committed, section 947.16 permitted retention of jurisdiction for one-third of a sentence. The defendant argues that the 1982 amendment cannot constitutionally be applied to her because to do so would constitute an unconstitutional ex post facto application. Our supreme court has recently held to the contrary. Mills v. State, 462 So.2d 1075 (Fla.1985).
The other issue raised by the defendant is whether she was improperly sentenced to ninety-nine years on her plea of guilty to robbery, the defendant claiming that she pled guilty to unarmed robbery, which carries a maximum sentence of fifteen years. It appears that there is a fact *249 question as to whether the defendant pled guilty to unarmed robbery or to armed robbery as alleged in the information filed against her.
The defendant raised this issue in the trial court by a timely motion to correct an illegal sentence. The trial judge, however, has not ruled on that motion. We think it best that this court not consider that issue until it is first presented to and ruled upon by the trial judge.
Accordingly, we withdraw our mandate issued October 10, 1984, insofar as it affirms the defendant’s sentence for robbery and remand with directions that the trial judge consider and rule upon the defendant’s pending motion to correct the sentence for robbery. The defendant may appeal an adverse decision on that issue. In all other respects our mandate dated October 10, 1984, remains in full force and effect.
REMANDED for further proceedings.
GRIMES, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.