PER CURIAM.
Appellant Joel Don Adams appeals the summary denial of his Motion to Correct Sentence pursuant to Florida Rule of Criminal Procedure 3.800. He was convicted of armed robbery, kidnapping, sexual battery (three counts), attempted first degree murder, and possession of a firearm by a convicted felon. He sought correction of his sentence because the court retained jurisdiction for one-third of his sentence (a period of 65 years) without stating with individual particularity his justifications for so doing as required by Section 947.16(3)(a), Florida Statutes. The trial judge denied the appellant’s motion on the basis that he had previously denied a motion to correct illegal sentence and that this court had decided this issue in affirming the judgment and sentence on February 17, 1984. Adams v. State, 447 So.2d 1357 (Fla. 2d DCA 1984). We affirm.
The appellant contested the legality of his sentence in this appeal and in two previous Rule 3.800 motions in the trial court. Although neither the trial judge nor this court has ever considered the illegality of the court’s retaining jurisdiction over the defendant without stating the justification with individual particularity, the appellant could have raised this issue on direct appeal. He is now precluded from raising this issue via a Rule 3.800 motion. Pedroso v. State, 420 So.2d 908 (Fla. 2d DCA 1982). See also State v. Snow, 462 So.2d 455 (Fla.1985).
The trial court’s denial of the Rule 3.800 motion is therefore affirmed.
SCHEB, A.C.J., and OTT and DANAHY, JJ., concur.