465 So.2d 1369 (1985)
Jerry STYLES, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1639.
District Court of Appeal of Florida, Second District.
March 27, 1985.
*1370 James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant seeks review of the trial court's order denying appellant's motion for post-conviction relief pursuant to rule 9.140(g), Florida Rules of Appellate Procedure (1985).
We find no merit in appellant's claim that the trial court improperly retained jurisdiction over his sentence. Accordingly, we affirm.
However, appellee, the State of Florida, claimed that a retention of jurisdiction issue may not be raised on a rule 3.850 motion for post-conviction relief under Pedroso v. State, 420 So.2d 908 (Fla. 2d DCA 1982). In addressing this argument, we were led to several cases which initially seemed to be in conflict.
In Pedroso, the court denied a motion for post-conviction relief and stated: "Appellant could have raised the retention of jurisdiction issue on direct appeal. Thus, the issue is not now cognizable for collateral attack." 420 So.2d at 908.
Then, in Garmony v. State, 452 So.2d 1042 (Fla. 2d DCA 1984), the appellant claimed on direct appeal that the trial court illegally retained jurisdiction over his sentence. That issue was not raised below and the appeal was dismissed without prejudice to raise the issue on a rule 3.850 motion.
In a third case, McClellan v. State, 434 So.2d 1 (Fla. 2d DCA 1983), the appellant claimed that the trial court erred by improperly retaining jurisdiction over his entire sentence. The court addressed this issue on direct appeal even though there was no objection in the trial court because the sentence was considered to be illegal.
However, these cases are distinguishable because they involve three different types of retention of jurisdiction issues. They also indicate that in this particular case, the issue raised by appellant could properly be considered on a rule 3.850 motion, although the issue also could have been raised on direct appeal.
In Pedroso, the alleged error was the trial court's failure to state its reasons for retaining jurisdiction. This court found that the issue could have been raised on direct appeal, even without an objection in the trial court; therefore, the issue, a procedural problem and not an illegal sentence, could not be raised on the rule 3.850 motion. The Florida Supreme Court has likewise recently held that failure to object at trial to the trial court's failure to state with individual particularity the reasons for retaining jurisdiction does not bar a direct appeal on that basis. Snow v. State, 462 So.2d 455 (Fla. 1985). The trial court has a mandatory duty under section 947.16, Florida Statutes (1981), to provide those reasons for retention. According to Snow, the contemporaneous objection rule should not preclude review by way of appeal of the trial court's failure to adhere to the mandatory sentencing requirements of the statute.
Under the Snow reasoning, it is not appropriate to address the issue of the trial *1371 court's failure to state its reasons for retaining jurisdiction on a motion for post-conviction relief because this procedural issue may always be raised on direct appeal. Thus, Pedroso retains its validity. See Adams v. State, 462 So.2d 884 (Fla. 2d DCA 1985). We also note that Snow would apparently alter this court's decision in Alexander v. State, 425 So.2d 1197 (Fla. 2d DCA 1983), as to addressing on appeal the procedural problem of the failure to state reasons for retention where there was no objection below.
However, the question raised in Pedroso is not the issue presented here. In this case, appellant claims that the trial court was not authorized to retain jurisdiction, so that the resulting sentence was illegal. Therefore, we must resolve the apparent conflict between Garmony and McClellan.
In Garmony, the appellant claimed on direct appeal that an illegal sentence had been imposed because of ex post facto application of a retention of jurisdiction statute. The appellant had not objected in the trial court and the appeal was dismissed without prejudice to raise that issue on a rule 3.850 motion. The court relied on Springfield v. State, 443 So.2d 484 (Fla. 2d DCA 1984), wherein the court stated that ex post facto application of the retention statute was not fundamental error. Therefore, the issue could not be raised on direct appeal without an objection in the trial court. Nonetheless, in Springfield, the court noted the possibility that the statute was unconstitutionally applied to the appellant. The appeal, as in Garmony, was dismissed without prejudice to raise the issue on a motion for post-conviction relief.
Here, appellant does not argue ex post facto application of a retention of jurisdiction statute. Appellant merely claims that the retention of jurisdiction was not authorized by law.
In McClellan, appellant claimed that the trial court erred in retaining jurisdiction over the entire sentence and in failing to state its reasons for retaining jurisdiction. Because an illegal sentence was alleged, the court addressed this issue on direct appeal even though there was no objection in the trial court. See also Brainard v. State, 380 So.2d 1302 (Fla. 2d DCA 1980); Kohn v. State, 289 So.2d 48 (Fla. 3d DCA 1974).
While McClellan allows a direct appeal on an illegal sentence without objection in the trial court, it does not also preclude a rule 3.850 motion as did Pedroso and Snow, which dealt with procedural errors by the trial court. Under McClellan, retention of jurisdiction beyond the length of retention authorized by law was alleged and the court recognized this problem as an illegal sentence and fundamental error. Rule 3.850 was created to provide relief from illegal sentences. Thus, an illegal sentence may be appealed by way of direct appeal or, in the alternative, a motion for post-conviction relief regardless of whether the issue was raised in the trial court. See rule 3.850 and Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
In summary, we have noted three different types of retention of jurisdiction issues with three different avenues for relief. First, the procedural issue of the trial court's failure to state reasons for retaining jurisdiction may only be raised on a direct appeal. See Pedroso, Snow and Adams. Second, a claim of ex post facto application of a retention of jurisdiction statute does not allege fundamental error, so there must be an objection in the trial court before the issue may be raised on direct appeal. Mills v. State, 462 So.2d 1075 (Fla. 1985); Cochran v. State, 468 So.2d 248 (Fla. 2d DCA 1985). See Springfield, Garmony and Mobley v. State, 447 So.2d 328 (Fla. 2d DCA 1984). However, because such a statute could be unconstitutionally applied to the particular defendant, the issue may be raised on a rule 3.850 motion. Third, where the sentence is alleged to be illegal because the retention of *1372 jurisdiction is in excess of the amount allowed by law, relief is available via direct appeal, with or without objection in the trial court, or by way of a rule 3.850 motion. See McClellan and rule 3.850.
We believe the allegations presented by appellant in this case fall within the third category. Accordingly, we find it was proper to address appellant's allegation of illegal retention of jurisdiction on a rule 3.850 motion. A motion to correct an illegal sentence pursuant to either rule 3.800 or 3.850 is not improper because of the normal rule that an issue that could have been raised by direct appeal but was not, cannot be addressed by such a motion for post-conviction relief. The order of the trial court denying appellant's rule 3.850 motion is affirmed.
RYDER, C.J., and OTT, J., concur.