471 So.2d 1349 (1985)
Roosevelt DAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-64.
District Court of Appeal of Florida, First District.
June 27, 1985.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Thomas H. Bateman, III, Asst. Atty. Gen., for appellee.
*1350 PER CURIAM.
Dailey appeals from an order of revocation of probation imposing a 12-year prison sentence. We affirm the order of the court below with the exception that we remand so the trial court may credit Dailey with time served as a condition of probation.
After pleading guilty to aggravated battery, Roosevelt Dailey received a "split sentence" of incarceration followed by a period of probation. Two years later, Dailey pled nolo contendere to violation of probation subsequent to convictions for burglary and grand theft. Dailey was then charged with violations of four conditions of his probation. At the violation of probation hearing, the court found Dailey guilty of two of the violations charged and not guilty of the other two. The order of revocation of probation reflects a finding of guilt as to all four counts.
The court reviewed Dailey's prior record, noted intent to depart from the recommended guidelines sentence of six years, and imposed a 12-year state prison sentence. The sentence is three years less than the maximum sentence for aggravated battery, according to Section 775.082, Florida Statutes (1983). When the trial court resentenced Dailey after revocation of probation, it gave credit for time served in county jail after his arrest on the probation violation but specifically declined to give credit for the time served on the "front end" of the split sentence.
Dailey argues that the trial court erred by: (1) failing to credit jail time spent pursuant to the probation order against the sentence imposed; (2) including on the scoresheet points for legal constraint and victim injury when there was no evidence in the record to support such scoring; and (3) departing from the guidelines when there were no clear and convincing reasons for so doing.
The lower court erred in failing to credit Dailey with time served as a condition of probation. Jeffrey v. State, 456 So.2d 1307 (Fla. 1st DCA 1984); Kronz v. State, 462 So.2d 450 (Fla. 1985). The error of failure to credit jail time spent may be raised for the first time on direct appeal due to the mandatory requirement of Section 921.161(1), Florida Statutes (1983), which provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and should be provided for in the sentence.
Upon remand, the new sentence shall specifically credit Dailey with all time served to which he is entitled. James v. State, 443 So.2d 510 (Fla. 1st DCA 1984); Wargo v. State, 393 So.2d 3 (Fla. 1st DCA 1980).
Dailey contends that points were improperly added to the guidelines form because he was not under legal constraint at the time of the original offense and because there was no supporting evidence for the victim injury scoring. The proposed guidelines form was before the trial court at the time of sentencing as required by Rule 3.701(d)(1), Florida Rules of Criminal Procedure. Dailey raised no contemporaneous objection as to those points which he now appeals. The facts here are unlike those in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), Walker v. State, 462 So.2d 452 (Fla. 1985), and State v. Snow, 462 So.2d 455 (Fla. 1985), in which the Supreme Court held that a defendant may raise sentencing errors on appeal even though not preserved by contemporaneous objection. The issues asserted in Rhoden, Walker, and Snow, supra, relate to errors that were apparent and determinable from the record before the appellate court[1] because all three cases *1351 involved the mandatory duty of the trial court to make affirmative findings on the record, which findings were not made.
In the instant case, however, the errors sought to be asserted on appeal (1) were not objected to below, and (2) are not determinable from the record before us. There was no failure of the court to make affirmative findings required by law. It is incumbent upon defense counsel to raise, at the trial level, any objections to underlying factual matters supporting the factors on the scoresheet.[2] Here, counsel did not object to either of the issues now asserted, there is no ruling by the trial court, and there is no record supporting either the pro or con of appellant's contentions on appeal. Sentencing errors may be reviewed on appeal, even in the absence of a contemporaneous objection, if the errors are apparent from the four corners of the record. Thus, errors such as those in Rhoden, supra, Walker, supra, and Snow, supra, involving the trial court's failure to make an affirmative finding required by the mandate of a statute, appear on the face of the record and are subject to appellate review. The errors asserted here require an evidentiary determination and may not be initially raised in this court.
We find no merit in Dailey's argument that the court below departed from the guidelines for reasons that are not clear and convincing.
Accordingly, we remand to the trial court for reconsideration of Dailey's credit for time served according to James v. State, supra, and correction of the written violation of probation order to conform to the oral pronouncements at hearing. Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980).
BOOTH and SHIVERS, JJ., and PEARSON, TILLMAN (Retired), Associate Judge, concur.

ON MOTION FOR REHEARING
PER CURIAM.
On consideration of the Motion to Withdraw Opinion, Motion to Correct Opinion, Motion for Rehearing, Motion for Rehearing En Banc, and Motion to Certify Question, these motions are addressed to the opinion, as clarified, and are denied.
Appellant contends, on rehearing, that the record reflects that an objection was made below as to "victim injury." Our review of the record, however, shows that the objection relied on, record pages 23 through 24, was that there was no victim contact or injury on the violation of probation, and, therefore, the court should not have scored points in aggravation based on the fact that victim injury did occur in the original substantive offense. This issue is not raised on appeal. The issue attempted to be raised here, that scoring should have been for "slight," as opposed to "moderate," victim injury, was not raised below.
We certify to the Florida Supreme Court the following question of great public interest:[1]
DOES THE CONTEMPORANEOUS OBJECTION RULE APPLY TO PRECLUDE APPELLATE REVIEW OF AN ALLEGED SENTENCING ERROR UNDER THE GUIDELINES WHERE THE ERROR CLAIMED INVOLVES FACTUAL MATTERS THAT ARE NOT APPARENT OR DETERMINABLE FROM THE RECORD ON APPEAL?
*1352 BOOTH and SHIVERS, JJ., and PEARSON, TILLMAN (Retired), Associate Judge, concur.
NOTES
[1] In State v. Rhoden, 448 So.2d 1013 (Fla. 1984), the trial court failed to comply with Section 39.111(6), Florida Statutes (1981), which requires a trial court, when sentencing a juvenile as an adult, to explain in writing why adult sanctions are appropriate. In Walker v. State, 462 So.2d 452 (Fla. 1985), the trial court failed to make findings of fact supporting the imposition of an extended term of imprisonment as required by the habitual offender statute, Section 775.084, Florida Statutes (1981). In State v. Snow, 462 So.2d 455 (Fla. 1985), the trial court, in retaining jurisdiction over one-third of defendant's sentence, failed to state with individual particularity its reasons for doing so, as required by Section 947.16(3)(a), Florida Statutes (1981).
[2] In Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985), the defendant, at the sentencing hearing, objected to the sentencing guidelines scoresheet, and the trial court ruled on the challenged underlying factual matters.
[1] See Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA, 1985), a case certifying a somewhat related issue on the contemporaneous objection requirement, though in that case the sentencing error alleged was one of law, determinable from the record before the appellate court.