487 So.2d 1045 (1986)
STATE of Florida, Petitioner,
v.
Willie Pearl WHITFIELD, Respondent.
No. 67320.
Supreme Court of Florida.
April 24, 1986.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, Paula S. Saunders, and Kathleen Stover, Asst. Public Defenders, Second Judicial Circuit, Tallahassee, for respondent.
SHAW, Justice.
This case is before us based on a certified question of great public importance. Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent was charged with aggravated battery in which the victim suffered serious bodily injury. The jury was instructed that it could return a verdict on aggravated assault as a lesser included offense, which it did.[1] In computing the sentencing guidelines scoresheet, the state erroneously included thirty-six points for victim injury even though victim injury is not *1046 an element of aggravated assault. See Fla.R.Crim.P. 3.701(d)(7). Neither defense counsel nor the trial court noted the error and respondent was sentenced, de facto, outside the sentencing guidelines. Respondent filed a notice of appeal vesting jurisdiction in the district court of appeal, and simultaneously filed a motion under Florida Rule of Criminal Procedure 3.800 with the trial court asking that the sentence be corrected because of the erroneous assessment of victim injury points. The trial court denied the 3.800 motion without comment, presumably because it no longer had jurisdiction of the case. Respondent could have petitioned the district court to temporarily surrender jurisdiction to the trial court for consideration of the motion to correct sentence. Instead, respondent abandoned the post-conviction relief remedy and raised the issue for the first time on appeal.
In the district court, the parties agreed that it was error to assess the points for victim injury. The issue was whether respondent should be permitted to raise the issue when no contemporaneous objection had been made at trial. Relying on language in State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984), that "[t]he purpose of the contemporaneous objection rule is not present in the sentencing process because error may be corrected by a simple remand to the sentencing judge," the district court held "that a defendant's failure to contemporaneously object upon imposition of a sentence does not preclude appellate review of sentencing errors. Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984); Ramsey v. State, 462 So.2d 875 (Fla. 2d DCA 1985); Tucker v. State, 464 So.2d 211 (Fla. 3d DCA 1985)." Whitfield, 471 So.2d at 634. However, the district court was apparently troubled, and rightly so, by the implications of a rule of law which treats failure to advise the sentencing judge of error as of no consequence, and by language in Walker v. State, 462 So.2d 452 (Fla. 1985), and State v. Snow, 462 So.2d 455 (Fla. 1985), stating that Rhoden was applicable to instances where the trial court failed to make statutorily mandated findings of fact. Accordingly, the district court certified the following question of great public importance:
IS THE DECISION IN STATE V. RHODEN, 448 So.2d 1013 (FLA. 1984) TO BE LIMITED TO THOSE SITUATIONS IN WHICH A STATUTE PLACES A MANDATORY DUTY UPON THE TRIAL COURT TO MAKE SPECIFIC FINDINGS OR SHOULD RHODEN BE CONSTRUED TO MEAN THAT A DEFENDANT NEED NOT CONTEMPORANEOUSLY OBJECT TO ANY ALLEGED SENTENCING ERROR IN ORDER TO PRESERVE THAT ISSUE FOR APPEAL?
Whitfield, 471 So.2d at 635.
Rhoden, Walker, and Snow all concern instances where the trial court sentenced in reliance on statute but failed to make the specific findings which the statutes in question mandatorily required as a prerequisite to the sentence. An alternative way of stating the ground on which Rhoden, Walker, and Snow rest is that the absence of the statutorily mandated findings rendered the sentences illegal because, in their absence, there was no statutory authority for the sentences. Thus, as the district court surmised, Snow makes clear that Rhoden is grounded on the failure to make mandatory findings and not on the proposition that contemporaneous objections serve no purpose in the sentencing process.[2] Sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection if they are to be preserved for appeal.
*1047 In the case at hand, the impact of the error was that the trial court departed from the sentencing guidelines in rule 3.701 without making the mandatorily written, clear and convincing reasons for departure. Thus, Rhoden, Walker, and Snow are controlling and the district court was correct in considering the sentencing error on appeal even though there had been no contemporaneous objection at trial. See also State v. Mobley, 481 So.2d 481 (Fla. 1986).
The state also argues that the comments of the trial judge at sentencing indicate that there would have been a knowing departure from the guidelines even if the judge had realized there was an inadvertent departure. Thus, the state argues, we should affirm the sentence because remand for resentencing would be a useless act. This argument is specious. We decline to speculate on the trial judge's action on remand and, in any event, respondent is entitled to appellate review of the mandatory findings written in support of any departure. §§ 921.001(5) and 924.06(1)(e), Fla. Stat. (1985); State v. Jackson, 478 So.2d 1054 (Fla. 1985).
It is clear that all parties contributed by commission or omission to the error and that this error was easily preventable and correctable at the trial court level without recourse to the appellate courts. The state urges that we adopt a policy of sanctioning attorneys responsible for such mishaps as occurred here. Although we do not rule out the imposition of sanctions in appropriate cases, we do not believe that the inattention to detail which characterizes this case rises to the level which would warrant sanctions beyond the critique below.
As we indicated above, the error in preparing the guidelines scoresheet could have been easily corrected had either party moved the trial court to correct the error, coupled with a request to the appellate court to surrender jurisdiction to the trial court for correction of sentence. We emphasize that we place an equal responsibility for correction of such errors on the prosecutor as on the defense counsel. This is particularly true where, as here, the prosecutor, as an officer of the court, prepared and submitted the erroneous scoresheet which caused the error. Neither counsel served the trial court well. In order to facilitate the correction of such errors at the trial court level, we amend rule 3.800(a) to read as follows:
(a) A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.
We answer the certified question as indicated above, approve the decision of the district court, and to the degree, if any, that they conflict with this opinion, disapprove Mitchell, Myrick, Ramsey, and Tucker. We remand for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and BARKETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] The state acknowledges, and we agree, that aggravated assault is not a lesser included offense of aggravated battery and it was error to so instruct the jury. §§ 775.021(4), 784.011, 784.021, 784.03, and 784.045, Fla. Stat. (1983).
[2] Our Rhoden dicta that the purpose of the contemporaneous objection rule is not present in the sentencing process does not apply in every case. It is true that sentencing errors can be more easily corrected on appeal than errors in the guilt phase, but it is still true that all errors in all phases of the trial should be brought to the attention of the trial judge particularly where there is a factual issue for resolution.