492 So.2d 842 (1986)
John DOE, a/K/a Daniel Mailloux, a/K/a Pierre Richard, Appellant,
v.
STATE of Florida, Appellee.
No. BG-29.
District Court of Appeal of Florida, First District.
August 18, 1986.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Defendant, Pierre Richard, appeals the trial court's vacating of his original sentence and increasing the sentence from 4 1/2 *843 years imprisonment to life imprisonment. We reverse.
The defendant was arrested and charged with three counts of armed robbery arising out of a Gainesville robbery in May, 1983. He identified himself as Daniel Mailloux of Quebec, Canada. He was subsequently charged with the May, 1983 armed robbery of a Daytona Beach Shores bank.
In September, 1983, defendant entered a negotiated plea agreement whereby he pled guilty to two counts of robbery with a firearm. The trial court accepted the negotiated plea on September 26, 1983.
A sentencing hearing was set for November 7, 1983. At that hearing the prosecutor stated he had received information that defendant was not Daniel Mailloux. The court granted the state's request to continue the proceedings.
A second sentencing hearing was held January 16, 1984. At that hearing, the state announced defendant was not Daniel Mailloux. Rather, he had stolen the real Mailloux's identification papers in Canada. The state had been unable to establish defendant's true identity as of the date of sentencing. The state made no further requests for continuance, and the court gave no indication that it wished to delay the proceedings until the true identification was learned. The state requested the defendant be sentenced as John Doe a/k/a Daniel Mailloux and receive the 4 1/2 year prison sentence recommended by the guidelines scoresheet. The court agreed and sentenced appellant to concurrent 4 1/2 year prison terms on each count, the defendant having agreed to be sentenced under the guidelines.
In March, 1984, the state learned defendant's true identity and discovered he had a significant criminal record in Canada. Thereafter, in May, 1984, the state filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The state contended the sentence was illegal as defendant had caused the court to be denied information necessary to properly sentence defendant under the guidelines. The record indicates that the only representation by the defendant as to his prior record is contained in paragraph 8 of the September, 1983 written plea offer which indicated no prior convictions. The defense counsel signed a guidelines scoresheet indicating that it had been reviewed as to accuracy of point totals. There is nothing in the record indicating any representation by the attorney as to the number or nature of prior convictions or record.
Before a ruling on the motion the state obtained a conviction of defendant on perjury charges arising from statements made under oath when he entered the guilty plea.
On March 12, 1985, the judge granted the state's motion to correct the illegal sentence. The judge found in part:
Without benefit of the true identity of the Defendant, this court was placed in the position of accepting the representation of the Defendant that he had no prior criminal record... .
While we do not suggest we condone the kind of conduct shown by this defendant, we cannot accept the conclusion that the trial court was bound or misled by the representation of a known liar at the time of sentencing.
We disagree with the trial court that the original 4 1/2 year sentence imposed, in part, upon the subterfuge of the defendant constituted an illegal sentence that could be corrected under Florida Rule of Criminal Procedure 3.800(a). The term of 4 1/2 years was a legal sentence that fell well within the statutory maximum of life imprisonment. A trial court is without authority to increase a legal sentence. Hinton v. State, 446 So.2d 712 (Fla.2d DCA 1983), and Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983).
The facts in this case are quite similar to those in Katz v. State, 335 So.2d 608 (Fla.2d DCA 1976). In Katz, the defendant and his wife made false statements to the court in an effort to obtain a light sentence. The court imposed a sentence of 6 *844 to 24 months. Within hours of sentencing, the court learned the statements were false. The next day the court resentenced Katz to 6 to 48 months on the belief that Katz had committed a fraud on the court. The Second District Court of Appeal set aside the second, greater sentence holding that once the defendant began to serve the original sentence, the trial court had no authority to increase the sentence. Such an increase violated double jeopardy principles in that increasing the penalty subjected Katz to double punishment for the same crime. The appeals court suggested a finding of contempt or a criminal charge of perjury was a proper course to punish the defendant for his false statements to the court. We note that Richard Pierre has been tried and convicted of perjury arising from his representations to the trial judge in this case.
The sentence to life imprisonment is REVERSED and this case is REMANDED to the trial court with directions to reinstate the original sentence of 4 1/2 years.
WENTWORTH, J., concurs.
SMITH, J., dissents with opinion.
SMITH, J., dissents with opinion.
While I agree with the legal principles represented by the cases cited in the majority opinion, I do not consider them dispositive, since none deal with a sentence imposed under the sentencing guidelines rule. More to the point, none of these cases purport to deal with an offender, such as appellant here, who had the benefit of the choice of whether to be sentenced under the guidelines or not, and who consciously perpetrated a fraud upon the court directly affecting the computation of his guidelines sentence. I would agree with the state that the sentence procured in the case by the fraud of the appellant was properly set aside by the trial court, and that the sentence subsequently imposed should be affirmed.