498 So.2d 1374 (1986)
Roy McCULLUM, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2211.
District Court of Appeal of Florida, Third District.
December 23, 1986.
*1375 Roy McCullum, in pro. per.
Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
A jury found appellant guilty of conspiracy to commit a felony (armed robbery), § 777.04(4)(b), Fla. Stat. (1983), a second degree felony punishable by a term of imprisonment not exceeding 15 years, § 775.082(3)(c), Fla. Stat. (1983), and robbery without a firearm, as a lesser included offense, § 812.13, Fla. Stat. (1983), also a second degree felony punishable by a term of imprisonment not exceeding 15 years, § 775.082(3)(c). The trial court imposed a sentence of two concurrent 15 year terms of imprisonment. The sentence was a departure from the guidelines' recommended range of 3 1/2 to 4 1/2 years. No objection to the departure sentence was made by defense counsel before the trial court. On appeal, this court affirmed the conviction, concluding that the sole point raised regarding the prosecution's playing of defendant's taped confession during the rebuttal portion of its closing argument did not constitute reversible error. McCullum v. State, 488 So.2d 125 (Fla. 3d DCA 1986).
Appellant filed a motion for postconviction relief alleging, for the first time, error in the sentence imposed by the trial court outside the guidelines and further alleging ineffective assistance of trial and appellate counsel for failing to enter a contemporaneous objection and raise such error in the prior McCullum appeal. The trial court denied the motion as legally insufficient, and thus did not hold an evidentiary hearing or attach portions of the record which might refute the allegations.
Upon appellant's appeal from the order summarily denying postconviction relief, this court requested the state to respond to the issues raised in appellant's motion. The state concedes that four of the twelve reasons given by the trial court as grounds for its departure are invalid. Its argument, however, with which we do not disagree, is that under Smith v. State, 457 So.2d 1380 (Fla. 1984), the sentencing issue is barred from consideration in a Rule 3.850 proceeding since it could have been raised on direct appeal.
During the pendency of the McCullum appeal, in fact only twelve days prior to the release of our McCullum opinion, the Florida Supreme Court decided State v. Whitfield, 487 So.2d 1045 (Fla. 1986). Whitfield held that sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection to be preserved for appellate review. Id. at 1046. Significantly, Whitfield would have allowed the instant sentencing error to be raised on appeal as an unauthorized departure, despite the lack of an objection by defense counsel before the trial court. This being so, we find it appropriate to treat the instant appeal as a petition for writ of habeas corpus, see *1376 Smith v. State 400 So.2d 956, 960 (Fla. 1981); Peri v. State, 458 So.2d 62 (Fla. 3d DCA 1984); White v. State, 456 So.2d 1302 (Fla. 2d DCA 1984), and grant relief.
We are not convinced by the state's argument that the absence of improper reasons would not have affected the extent of the departure. See Lerma v. State, 497 So.2d 736 (Fla. 1986) (supreme court's finding that trial court relied on both proper and improper reasons to justify departure required remand for resentencing); Albritton v. State, 476 So.2d 158 (Fla. 1985) (when departure sentence is grounded on both valid and invalid reasons, it should be reversed and the case remanded for resentencing unless state can show beyond a reasonable doubt that absence of invalid reasons would not have affected the departure sentence). Accordingly, we vacate the sentence imposed and remanded for resentencing.
Upon remand, the trial court should resentence appellant within the guidelines unless sufficient clear and convincing reasons are given for departure. See Scurry v. State, 489 So.2d 25, 29 (Fla. 1986) (defendant's evincing a flagrant disregard for safety of others constitutes clear and convincing reason for departure); Brown v. State, 480 So.2d 225 (Fla. 5th DCA 1985) (professional manner in which defendant committed crime was valid reason for departure); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985) (defendant's use of excessive force in jabbing victim in stomach with gun was proper reason for departure); Thompson v. State, 478 So.2d 462 (Fla. 1st DCA 1985) (that defendant was ringleader cocaine dealer in county was proper reason for departure); Steiner v. State, 469 So.2d 179 (Fla. 3d DCA) (that defendant planned burglary for 3 years supported departure), review denied, 479 So.2d 118 (Fla. 1985); Burch v. State, 462 So.2d 548 (Fla. 1st DCA) (defendant's prior history of failed alternative treatment properly considered since was not factor already built into guidelines), decision approved, 476 So.2d 663 (Fla. 1985); Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984) (defendant/step-father's threat to kill natural father of child victim was legitimate aggravating circumstance), review denied, 471 So.2d 44 (Fla. 1985); Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984) (court properly considered defendant's professional manner in committing crime of grand theft); cf. Posey v. State, 487 So.2d 429 (Fla. 5th DCA 1986) (use of firearm was improper reason for departure since defendant was only charged, not convicted, of same); State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986) (that defendant was on probation at time of commission of subject offense was improper reason for departure since legal constraint was already factored into guidelines scoresheet or considered under Fla.R.Crim.P. 3.701(d)(14)); Pilgrim v. State, 480 So.2d 688 (Fla. 5th DCA 1985) (defendant's lack of remorse not a proper reason); McMillan v. State, 478 So.2d 1195 (Fla. 4th DCA 1985) (charges for which defendant was acquitted at sentencing not properly considered); Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985) (defendant's perjury which was not a charged offense was not properly considered); Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985) (action of defendant's accomplice [waving gun] not valid reason for defendant's departure sentence); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985) (premeditation invalid reason since common to all attempted first degree murders), decision approved, 483 So.2d 423 (Fla. 1986); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984) (premeditation and calculated nature of offense not proper reasons since common to all robberies), decision approved, 476 So.2d 165 (Fla. 1985). Additionally, the reasons given must be supported by record facts which are proven beyond a reasonable doubt. Lerma v. State, 497 So.2d at 737 (citing State v. Mischler, 488 So.2d 523 (Fla. 1986)).
Sentence vacated and cause remanded for resentencing.