502 So.2d 1352 (1987)
John S. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-340.
District Court of Appeal of Florida, Second District.
February 25, 1987.
PER CURIAM.
John Johnson appeals from the summary denial of his motion to correct sentence. He alleges that the trial court erred in retaining jurisdiction for one third of his 60-year prison sentence pursuant to section 947.16, Florida Statutes (1985). Specifically, Johnson claims that the court was without power to retain jurisdiction because this was a guideline sentence. Williams v. State, 470 So.2d 864 (Fla. 2d DCA 1985). We are of the opinion that this issue may properly be raised either on appeal or by a motion for postconviction relief. Styles v. State, 465 So.2d 1369 (Fla. 2d DCA 1985); McClellan v. State, 434 So.2d 1 (Fla. 2d DCA 1983). Upon remand the trial court should determine whether or not Johnson's sentence is a guideline sentence. If so it should simply strike the retention provision. If, on the other hand, the trial court again denies the motion it *1353 should attach evidence from the files and records which clearly demonstrates that Johnson is not entitled to relief. Johnson then must file a notice of appeal within thirty days to obtain further appellate review.
Johnson also claims that the trial court departed from the recommended guideline sentence for improper reasons. This court has consistently held that this sort of issue should be raised, if at all, on direct appeal. Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986). The trial court properly denied relief on this ground.
Affirmed in part, reversed in part.
RYDER, A.C.J., and SCHOONOVER and FRANK, JJ., concur.