502 So.2d 1360 (1987)
William SENIOR, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1915.
District Court of Appeal of Florida, Fifth District.
February 26, 1987.
*1361 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
William Senior appeals his sentence of five years' incarceration imposed after the trial court granted the state's motion to correct sentence.
Appellant was charged with lewd and lascivious assault upon a child in violation of section 800.04(1), Florida Statutes (1985), and subsequently pled guilty to attempted lewd and lascivious assault on a child. At the sentencing hearing a scoresheet was submitted, with which the state expressed satisfaction. The scoresheet reflected a total score of 149 points, corresponding to a recommended guideline sentence of any nonstate prison sanction. Senior was sentenced in conformity with the guidelines to 51 weeks of incarceration.
After Senior had begun serving his sentence, the state moved to correct the sentence under Florida Rule of Criminal Procedure 3.800(a), on the basis that the scoresheet did not reflect that the defendant had been on probation in Tennessee at the time of sentencing, and also did not reflect a third-degree felony committed in Tennessee. The motion additionally stated that during the presentence investigation, the defendant had denied having any record other than that reflected in the PSI. A new sentencing scoresheet was prepared utilizing this additional information, and it reflected a total score of 232 points, placing Senior in the guideline range of four-and-a-half to five-and-a-half years' incarceration. The trial court granted the state's motion and Senior was resentenced to five-years' imprisonment. On appeal Senior contends that the trial court erred in resentencing, since it has no power to correct a legal sentence that is already being served.
Under Florida law, a sentence is not subject to attack under Florida Rule of Criminal Procedure 3.800 or 3.850 if the issue could have been raised on a direct appeal. See Efraimson v. State, 493 So.2d 79 (Fla. 4th DCA 1986); Richardson v. State, 491 So.2d 1242 (Fla. 1st DCA), dismissed, 500 So.2d 545 (Fla. 1986); Chippas v. State, 482 So.2d 528 (Fla. 5th DCA 1986); Adams v. State, 462 So.2d 884 (Fla. 2d DCA 1985). Exceptions to this rule are provided by Florida Rule of Criminal Procedure 3.800(a), as recently amended by the Florida Supreme Court in the case of State v. Whitfield, 487 So.2d 1045 (Fla. 1986), as follows:
(a) A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.
Several cases have considered situations similar to the present in analyzing whether an illegal sentence has been imposed. In Doe v. State, 492 So.2d 842 (Fla. 1st DCA 1986), it was learned during the first sentencing hearing that the defendant, who had pled guilty to two counts of robbery with a firearm, was proceeding under a false identity. Nevertheless, the state requested the defendant be sentenced as a "John Doe" and receive the four-and-a-half-year prison sentence recommended by the guideline score sheet. The court did so. Approximately three months later, the state learned the defendant's true identity and discovered that he had a significant criminal record in Canada. The state then filed a 3.800(a) motion, contending that the original sentence was illegal as defendant had caused the court to be denied information necessary to properly sentence him under the guidelines. The trial court granted the state's motion and resentenced the defendant. The First District reversed, holding:

*1362 We disagree with the trial court that the original 4 1/2 year sentence imposed, in part, upon the subterfuge of the defendant constituted an illegal sentence that could be corrected under ... 3.800(a). The term of 4 1/2 years was a legal sentence that fell well within the statutory maximum of life imprisonment. A trial court is without authority to increase a legal sentence. Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984), and Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983).
Id. at 843.
Under the Doe rationale, it would appear that the first sentence in the present case was legal, and thus is not subject to vacation. However, recent case law has clouded the issue. State v. Whitfield, supra, contains dictum which suggests that any error resulting in an unauthorized departure from the sentencing guidelines is illegal:

Rhoden [State v. Rhoden, 448 So.2d 1013 (Fla. 1984)], Walker [v. State, 462 So.2d 452 (Fla. 1985)], and Snow [State v. Snow, 462 So.2d 455 (Fla. 1985)] all concerned instances where the trial court sentenced in reliance on statute but failed to make the specific findings which the statutes in question mandatorily require as a prerequisite to the sentence. An alternative way of stating the ground on which Rhoden, Walker and Snow rest is that the absence of the statutorily mandated findings rendered the sentences illegal because, in their absence, there was no statutory authority for the sentences. .. . Sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection if they are to be preserved for appeal.
487 So.2d at 1046.
The later Florida Supreme Court case of State v. Chaplin, 490 So.2d 52 (Fla. 1986), narrows the Whitfield dictum, however, by stating:
In State v. Whitfield, ..., we held that a computational error in a sentencing guidelines score sheet could be raised on direct appeal even though a contemporaneous objection was not made at trial, where "the impact of the error was such that the trial court departed from the sentencing guidelines in Rule 3.701 without making the mandatorily written, clear and convincing reasons for departure." At 1047. We also amended Rule of Criminal Procedure 3.800(a) in order to facilitate the correction of these computational errors at the trial court level. Id. at 1047.
Id. at 53. Thus, the Florida Supreme Court appears to be holding that computational errors which result in an unauthorized departure from the sentencing guidelines are, in effect, illegal.
In Whitfield, the computational error was the inclusion of points for victim injury, even though victim injury was not an element of the crime. In Chaplin, the error was the scoring of a prior conviction for assault with intent to commit robbery as a prior category (3) offense (i.e., a prior robbery offense). The Florida Supreme Court held that both of these errors were subject to 3.800(a) motions and did not require a contemporaneous objection. However, both of these errors were errors of law rather than errors of fact and were apparent from a reading of the initial sentencing records. In the present case, we have an error of fact. The state submitted a prior record, believing it to be true. This is similar to the case where a defendant did not object to the state's inclusion of certain priors in his record. The error is deemed waived in such a case.
This conclusion is supported by the recent Florida Supreme Court case of Dailey v. State, 488 So.2d 532 (Fla. 1986). In Dailey the defendant complained on direct appeal that points had been improperly added to the guideline form for legal constraint and victim injury, since he had not been under legal constraint at the time of the original offense, and that there was no supporting evidence for the victim injury scoring. Dailey, however, raised no contemporaneous objection as to those points. The Florida Supreme Court denied relief, quoting the lower appellate court case, and stating:

*1363 The facts here are unlike those in State v. Rhoden,..., Walker v. State, ..., and State v. Snow,..., in which the Supreme Court held that a defendant may raise sentencing errors on appeal even though not preserved by contemporaneous objection. The issues asserted in Rhoden, Walker and Snow, supra, relate to errors that were apparent and determinable from the record before the appellate court because all three cases involved the mandatory duty of the trial court to make affirmative findings on the record, which findings were not made.
In the instant case, however, the errors sought to be asserted on appeal (1) were not objected to below, and (2) are not determinable from the record before us. There was no failure of the court to make affirmative findings required by law. It is incumbent upon defense counsel to raise, at the trial level, any objections to underlying factual matters supporting the factors on the score sheet. Here, counsel did not object to either of the issues now asserted, there is no ruling by the trial court, and there is no record supporting either the pro or con of appellant's contentions on appeal. Sentencing errors may be reviewed on appeal, even in the absence of a contemporaneous objection, if the errors are apparent from the four corners of the record... . The errors asserted here require an evidentiary determination and may not be initially raised in this court.
* * * * * *
This record does not disclose that Dailey's sentence was illegal and, under his circumstances, Dailey's failure to contest the correctness of his scoresheet at the trial level precludes appellate review thereof.
Id. at 533-34. Thus, in the present case, following the Dailey rationale, the sentence was not illegal. The present type of error is not apparent from the "four corners" of the record of the initial sentencing. This is an evidentiary matter and must be preserved with a contemporaneous objection.
Resentencing was not proper in this case.[1] The initial sentence was not illegal, nor was it an improperly calculated sentence under the definition of State v. Whitfield. Thus, the present sentence is vacated and the case remanded for the trial court to reimpose the initial sentence. This does not mean that appellant's actions must go unpunished  he is still subject to perjury charges. No motion for rehearing will be entertained; mandate to issue immediately.
REVERSED and REMANDED.
UPCHURCH, C.J., and COWART, J., concur.
NOTES
[1] As an alternative means for overturning the case, appellant argues that an increase of the sentence would be barred by double jeopardy considerations. The United States Supreme Court case of United States v. Di Francesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), appears to have greatly limited the application of the double jeopardy clause to resentencing. In Di Francesco, the issue was whether section 3576, U.S.C., which authorized the United States to appeal sentencing of a convicted dangerous felony offender, violated the double jeopardy clause of the Fifth Amendment or, in other words, whether a criminal's sentence, once pronounced, was to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury verdict of acquittal. The court concluded that neither the history of the sentencing practices, nor the pertinent prior rulings of the court, nor considerations of double jeopardy policy, supported such an equation. In the present case, if it were held that the initial sentence was otherwise subject to a motion to vacate under 3.800(a) (i.e., that it was illegal), an increase in sentence would not violate the double jeopardy clause given the rationale of Di Francesco.