PER CURIAM.
Randy Ford appeals the 1991 summary denial of his motion to correct sentence. We treat the notice of appeal as a petition for writ of habeas corpus seeking belated appellate review, and grant the petition. See Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991). Having reviewed the merits of the underlying motion and order, we reverse for further proceedings.
The motion is directed to a 1979 life sentence. Ford alleges that the trial court retained jurisdiction over one-third of the sentence pursuant to section 947.16, Florida Statutes (1979). If so, the retention was not authorized by the statute. Varnes v. State, 489 So.2d 893 (Fla. 2d DCA 1986). We believe the issue is properly raised in a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). See generally, Styles v. State, 465 So.2d 1369 (Fla. 2d DCA 1985). In denying the motion the circuit court failed to attach evidence from the record sufficient to refute Ford’s claim. We therefore remand for correction of the sentence or, in the alternative, for documentation sufficient to demonstrate that the motion is without merit.
Reversed.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.