PER CURIAM.
Sampson Edward Howard appeals an order revoking his community control. We affirm.
Defendant-appellant Howard argues that the evidence at the violation of community control hearing was legally insufficient. Defendant contends in substance that some of the hearsay evidence was not sufficiently corroborated. We agree with the state that this argument was never presented in the trial court, and consequently will not be considered for the first time on appeal. See Tillman v. State, 471 So.2d 32, 34-35 (Fla.1985); West v. State, 553 So.2d 254, 257 (Fla. 4th DCA 1989), disapproved on other grounds, State v. Norstrom, 613 So.2d 437 (Fla.1993); Chester v. State, 355 So.2d 509 (Fla. 2d DCA 1978). See also McCloud v. State, 653 So.2d 453, 455 (Fla. 3d DCA 1995); Mobley v. State, 447 So.2d 328 (Fla. 2d DCA 1984). See generally State v. Griffith, 675 So.2d 911 (Fla.1996). The cases on which defendant relies, Grant v. State, 616 So.2d 1184 (Fla. 3d DCA 1993); Frazier v. State, 587 So.2d 660 (Fla. 3d DCA 1991); and Brown v. State, 537 So.2d 180 (Fla. 3d DCA 1989), do not discuss the preservation issue and do not indicate that the matter may be raised for the first time on appeal.
Affirmed.