427 So.2d 1106 (1983)
Wayne BROWNLEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1871.
District Court of Appeal of Florida, Third District.
March 15, 1983.
Flynn, Rubio & Tarkoff and Michael Tarkoff, Miami, for appellant.
Jim Smith, Atty. Gen., for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ., and OWEN, WILLIAM C., Jr., Associate Judge.
*1107 FERGUSON, Judge.
Appellant, Wayne Brownlee, after conviction for aggravated battery and firearm possession was, sentenced pursuant to the Youthful Offender Act. He seeks reversal of the convictions asserting: (1) he was denied a speedy trial as required by Rule 3.191, Florida Rules of Criminal Procedure, and (2) where the information specifically described the firearm as a short-barreled shotgun, he could not be convicted of unlawfully possessing a pistol.
Appellant was arrested on September 26, 1980. The Public Defender was appointed to represent him and trial was set for February 9, 1981. On January 23, 1981, in open court, the public defender filed a motion to withdraw, certifying that there existed a conflict of interest in representing appellant in that the Public Defender's office had some professional relationship with the victims in the case. The matter was reset to January 30, 1981 for the purpose of appointing a new attorney. Notice of hearing for appointment of new counsel was mailed to appellant. On January 30, 1981, new counsel accepted an appointment to represent appellant and the public defender was discharged. Appellant was not present. When informed of the trial date, new counsel indicated that the time to prepare was inadequate. His motion for continuance of trial was granted and the case was reset for trial on March 23, 1981. On March 23, 1981, appellant and his attorney appeared for trial but, because the state was unprepared, the case was again continued to May 26, 1981. On March 26, 1981, one day after expiration of the 180-day speedy trial period, appellant filed a motion for discharge on the ground that the state had failed to bring him to trial within 180 days. The motion was denied. On May 26, 1981, the state was again unprepared for trial. Appellant's new motion for discharge, heard and ruled upon on the same date, was denied.
As sub-issues under the speedy trial question, appellant makes two arguments. First, that the stated conflict of interest given by the public defender as a basis for withdrawing from the case is not one recognized by statute. We need not address the question because it was not preserved for review. After appearing for trial with the new attorney on several occasions, appellant never voiced an objection to the withdrawal of the public defender, opposition to the rescheduled trial date or dissatisfaction with his new attorney. There were no objections communicated to the court by trial counsel, which acts or omissions are binding on appellate counsel. Castor v. State, 365 So.2d 701 (Fla. 1978).
The second sub-issue is, assuming that there was a legitimate conflict of interest, whether the continuance granted by the trial court should have been charged to appellant. We fail to see, and appellant has not shown, why a continuance requested by him should have been charged to the state or the court. When the court granted the appellant's motion for continuance for the purpose of allowing additional time to adequately prepare for trial, even though circumstances might have been exceptional, there was a waiver of rights to be tried within 180 days; the state was then obligated to give appellant a speedy trial within a reasonable period of time. Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980), citing State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971) for standards governing speedy trial after appellant has been granted a continuance. When appellant moved for a discharge after 180 days had expired, Rule 3.191(d)(3) was triggered, requiring that appellant be tried within ninety days from the date his motion for discharge was denied, in that an earlier motion for continuance had been attributed to him. State v. Brown, 394 So.2d 218 (Fla. 5th DCA 1981). He was tried on the eighty-first day after denial of the motion for discharge, well within the time limits.
On count II of the information appellant was charged with display of a short-barreled shotgun while committing a felony, and in count III he was charged with unlawful and felonious possession of a short-barreled shotgun. Appellant was acquitted on count III (the evidence showing *1108 that the firearm in his possession was not a short-barreled shotgun), and convicted on count II of display or use of a pistol while in the commission of a felony. It is true as appellant contends that the state, in a criminal case, must prove the allegations set up in the information, Lewis v. State, 53 So.2d 707 (Fla. 1951), and it is also elemental that an accused cannot be convicted of an offense for which no charges have been brought. However, the variance between the allegation in the information and the proof in this case was not fatal. The offense, which is set out in Count II, is bottomed on Section 790.07, Florida Statutes (1981) which provides:
(2) Whoever, while committing or attempting to commit any felony ... displays, uses ... any firearm ... is guilty of a felony of the second degree... .
It is not essential to a conviction under Section 790.07(2) that the firearm used be described with particularity. The description of the firearm in the information was superfluous, and in the absence of a claim and showing of prejudice, the conviction will not be disturbed. See Grissom v. State, 405 So.2d 291 (Fla. 1st DCA 1981) (indictment charging defendant with unlawful taking of cow contained immaterial variance from proof at trial showing defendant's unlawful taking of male calf); Ricks v. State, 224 So.2d 413 (Fla. 3d DCA 1969) (no fatal variance where defendant charged with assault with a brick and proof demonstrated assault was committed with a rock). It was established to the exclusion of every reasonable doubt  and is not challenged here  that appellant shot the victim with a firearm.
Affirmed.