436 So.2d 1109 (1983)
In the Interest of J.B., a Child, Petitioner,
v.
Honorable Lawrence L. KORDA, As Judge of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 83-982.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
*1110 Alan H. Schreiber, Public Defender, and Timothy Day, Asst. Public Defender, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Lydia M. Valenti, Asst. Atty. Gen., West Palm Beach, for respondent.
HERSEY, Judge.
Prohibition is sought to review an order denying a motion for discharge based upon speedy trial considerations in juvenile proceedings. Unless there was a waiver, the time within which an adjudicatory hearing was required to be held under Rule 8.180, Fla.R.Juv.P., had expired and petitioner was entitled to be discharged.
Petitioner was arrested for burglary and petty theft on November 2, 1982. Charges were filed on December 10, 1982. Arraignment was held on December 29, 1982 at which time counsel was appointed and trial was set for January 12, 1983. On January 10, 1983 petitioner filed a motion for continuance, requesting that it be "without prejudice to the Defendant." The court ultimately granted a "court continuance."
Whatever the label and whether affixed by a party or the court, the effect was that "the failure to hold trial is attributable to the accused ..." within the contemplation of Fla.R.Crim.P. 3.191(d)(3). Where delay is attributed to a defendant, the original period established by the rule no longer appertains. Thus the state becomes obligated to provide a trial within constitutional (reasonable time) parameters. See Brownlee v. State, 427 So.2d 1106 (Fla. 3d DCA 1983).
We have treated the juvenile rule and the criminal rule as though together they formed a continuum within which all aspects of speedy trial lay in neat relationship. Because courts, like nature, abhor a vacuum, we adopt the continuum so postulated and read these rules as in pari materia and thus conclude: petitioner caused a continuance to be granted; it is thus attributable to him; where trial is delayed by a cause attributable to the accused the speedy trial rule is waived (under Fla.R.Crim.P. 3.191(d)(3) and Fla.R.Juv.P. 8.180(c)); thereafter trial (or an adjudicatory hearing) must be afforded within a reasonable time.
WRIT DENIED.
DOWNEY and BERANEK, JJ., concur.