485 So.2d 1342 (1986)
George A. COLEMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BF-367.
District Court of Appeal of Florida, First District.
March 26, 1986.
*1343 Ted A. Stokes, Milton, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant appeals from his judgment of conviction and sentence for the offense of sexual battery committed upon a 14-year-old female child, raising several points which he contends require reversal. We affirm as to all.
The appellant first urges that the lower court erred in admitting similar fact evidence-testimony by the victim's sister relating to appellant's sexual batteries. He contends that there was nothing particularly unusual about the modus operandi involved and that the effect of such testimony was simply to demonstrate the propensity of appellant to commit such acts, thereby *1344 demonstrating bad character; consequently the use thereof is barred by Section 90.404, Florida Statutes. We cannot agree. We agree entirely with the trial court's determination that such testimony was admissible as being relevant as to whether there was a continuing pattern of abuse by appellant of familial, custodial or parental authority in the household. The use of such similar fact evidence has been continuously upheld by the courts of the state as a means of showing a pattern of criminality. See, e.g., Potts v. State, 427 So.2d 822 (Fla. 2d DCA) rev. den., 434 So.2d 888 (Fla. 1983); Hodge v. State, 419 So.2d 346 (Fla. 2d DCA 1982) rev. den., 426 So.2d 26 (Fla. 1983); Espey v. State, 407 So.2d 300 (Fla. 4th DCA 1981); Jones v. State, 398 So.2d 987 (Fla. 4th DCA) rev. den., 408 So.2d 1094 (Fla. 1981); Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980) rev. den., 392 So.2d 1373 (Fla. 1981). Additionally, we observe that appellant raised the same issue in another case in which he was convicted of committing a sexual battery upon a minor child, and this court affirmed, regarding the collateral fact evidence to be sufficiently similar to that directly involved in the offense charged. Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986).
As to appellant's argument that the lower court erred in denying his motion for mistrial, on the ground that the victim's trial testimony related to a sexual battery committed upon her outside the dates specified in the amended information, contrary to the lower court's order limiting such testimony to the dates alleged, we also affirm. During cross-examination, defense counsel confronted the victim with a purported prior inconsistent statement contained in a deposition in which she had stated that the alleged assault occurred in 1982, at a time when her mother was asleep in the same bed with her  and not, as testified to on direct examination, in October or November 1983. At trial, in answer to the apparent inconsistency, the victim stated that her mother was asleep on the bed during another incident. At that point defense counsel moved for mistrial on the ground that the so-called other incident went outside the time frame established by the court's order granting appellant's motion in limine. We agree with the lower court's order denying the motion for mistrial, not only on the ground that the answer was invited, but if the denial was error, it was at most harmless. The victim clarified her response by stating that appellant had intercourse with her on another occasion during September 1983, after she had refused him, a date which was within the time frame specified by the court's order, thereby indicating that the other assault occurred in 1983  not in 1982, as she had previously testified in her deposition. We are therefore of the view that the purported error, if any, is at most harmless.
Appellant's strongest point is that his motion for judgment of acquittal should have been granted because there was no evidence indicating any custodial or familial relationship between him and the victim as charged in the amended information. The information alleged essentially that appellant, between September 1, 1983 and October 30, 1983, committed an unlawful sexual battery upon a person over the age of 11 years, the victim, then 14 years of age, by oral and vaginal penetration without the consent of the victim, at a time when appellant "was in a position of familial, custodial, or official authority to wit: step-father and used this authority to coerce ... [the victim] to submit, in violation of Section 794.011(4)(e), Florida Statutes... ." Appellant argues that there was a fatal variance between the evidence adduced at trial and the allegations charged, in that during the dates when the offense was said to have occurred, appellant was not in any such position of familial, custodial or official authority, as required by Section 794.011(4)(e), Florida Statutes (1983),[1] because *1345 he did not at such time have the status of stepfather to the victim.
The evidence establishes that the victim's mother married appellant in 1971 and that they were divorced in 1977, and did not remarry. Moreover, the mother and appellant reunited in 1978, and lived together thereafter, except for a period of time during 1983, when appellant spent a substantial amount of time working out of the state with a seismograph crew. Appellant argues that because appellant was neither the natural father nor stepfather of the victim at the time of the alleged offense, no familial or custodial relationship existed between him and the victim as charged in the information. He relies primarily upon the following language in Section 777.03, Florida Statutes: "Whoever, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, maintains or assists the principal or accessory before the fact, ..., shall be deemed an accessory after the fact, ... ." He continues that had he been charged as an accessory after the fact to a crime committed by the victim, he could not have established any defense to such a violation as he did not fall within any of the classes of relationships listed in the statute. He argues that the language of section 777.03 is therefore relevant in determining appellant's relationship to the victim, or lack thereof, in a prosecution under section 794.011(4)(e).
We decline to construe the two statutes in pari materia along the lines appellant urges us to adopt. We consider that it was the legislature's intent, in drafting the above language in section 777.03, to limit the defense to a very narrow class of persons. The same intent is not evidenced by the language employed in section 794.011(4)(e). On the contrary, we regard the legislature to have intended, by its use of the words, "familial or custodial", to include within the statute's proscriptions any person maintaining a close relationship with children of the ages specified in the statute, and who lived in the same household with such children. Familial is defined as "of, involving, or common to a family." Webster's New World Dictionary (2d college ed. 1980). Family is, among other things, defined as "all the people living in the same house; household... ." Id. Custodial is defined as the adjective "of custody or custodians", and custody in turn is defined as "a guarding or keeping safe; care; protection; guardianship." Id. Obviously, if the legislature had intended to restrict the provisions of section 794.011(4)(e) to persons related to the victim by consanguinity (blood relationship), or affinity (marital relationship), it could have employed the same language used in section 777.03, but it did not. For example, the legislature might have provided in section 794.011(4)(e)  notwithstanding that the defendant had no blood or marital ties to the child  that if one stands in the position of in loco parentis to such person, meaning one who takes a child into his own home, and assumes the responsibility of maintaining, caring and supporting the child in the same manner as the actual parent, 25 Fla. Jur.2d Family Law Section 78 (1981), and sexually batters the child, such person shall be guilty of the offense specified.
Although appellant was neither the victim's natural father nor her stepfather, nor does the evidence disclose his status as in loco parentis to the victim at the time of the offense charged, appellant did live with the child and her mother in the same household substantially most of the time from 1978 through 1984. The victim's testimony discloses that during such period, she loved, trusted and obeyed appellant as any child would love, trust and obey her natural father. Under such circumstances, the state sufficiently proved that appellant assumed a position of familial or custodial authority over the victim, and we consider that the legislature has clearly manifested an intent to protect children who come under the dissolute influence of such persons, *1346 even in the absence of a showing of consanguinity or affinity.[2]
It is true that the information identified appellant as the stepfather of the minor victim during a time when such relationship did not exist. Nevertheless, in view of what we find to be the legislature's intent behind the enactment of the statute on which the charge was based, we consider the language in the information to be mere surplusage and a nonessential element of Section 794.011(4)(e), Florida Statutes (1983). Florida Rule of Criminal Procedure 3.140(o) prohibits the dismissal of an information "on account of any defect in the form of the ... information ..., unless the court shall be of the opinion that the ... information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." The rule is clear that if the variance between the allegations and the proof is not such as to have misled the defendant or subjected him to a substantial possibility of reprosecution for the same offense, the variance is immaterial and does not preclude conviction. Brownlee v. State, 427 So.2d 1106 (Fla. 3d DCA 1983); Grissom v. State, 405 So.2d 291 (Fla. 1st DCA 1981). In Brownlee, a defendant was charged in one count of an information with display of a short barreled shotgun while committing a felony. He was convicted on evidence showing that he displayed or used a pistol while in the commission of a felony, in violation of Section 790.07(2), Florida Statutes (1981). The court observed that it was not essential to a conviction under the statute that the firearm used during the felony be described with particularity; that the description of the firearm in the information was superfluous; and in the absence of a showing of prejudice, the conviction would not be disturbed. 427 So.2d at 1108.
The same result applies here. The appellant's familial or custodial position with the victim at the time he committed the offense proscribed was clearly established by the proof. Under the circumstances, the language in the information describing appellant as the victim's stepfather must be considered immaterial surplusage, not prejudicial to the appellant's defense.
AFFIRMED.
WIGGINTON, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.
NOTES
[1] Subsection (4)(e) provides:

(4) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, under any of the following circumstances shall be guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084:
* * * * * *
(e) When the victim is older than 11 but less than 18 years of age and the offender is in a position of familial, custodial, or official authority over the victim and uses this authority to coerce the victim to submit.
[2] Our conclusion that the legislature intended on a broad basis to protect minor children from the predatory influences of older persons who establish close family-type ties with them is further supported by the amendments to section 794.011(4)(e) by Chapter 84-86, Laws of Florida, which, in revising the statute as Section 794.041, Florida Statutes (Supp. 1984), clarified the preexisting legislative intent by expressly stating that the consent of the victim was not a defense to a prosecution under the statute, and proscribed not only the engaging of sexual activity with minor children, including oral, anal, or vaginal penetration, but the solicitation to engage in such activity as well. For a further declaration of the legislature's intent, see preamble to Chapter 84-86.