504 So.2d 1248 (1986)
Robert STRICKLEN, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-344.
District Court of Appeal of Florida, First District.
October 2, 1986.
*1249 Michael E. Allen, Public Defender; and Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Stricklen was adjudicated guilty of sexual battery of a child twelve years of age or older, but less than eighteen years of age, by a person standing in a position of familial or custodial authority, in violation of section 794.041(2), Florida Statutes (Supp. 1984). He raises four points on appeal to challenge the judgment and sentence. The issues raised under points I and II are without merit and we affirm. We also affirm on point III but deem further discussion of that issue to be in order. Finally, we find merit in Stricklen's argument under point IV and reverse and remand on that point to allow the trial court to credit Stricklen's sentence with time spent by him in the Washington County jail awaiting sentencing.
Under point III, Stricklen contends that the trial court erred in denying his motion for a directed verdict at the close of the State's case. He maintains the position that the relationship that existed between himself and the victim did not equate with the type of relationship intended by the legislature to be included in the phrase "familial or custodial authority" in section 794.041(2). In so arguing, Stricklen indicates that section 794.041, the case law, and the standard jury instructions covering "familial or custodial" sexual acts do not define such authority. Recently, however, in Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986), this Court interpreted the meaning of "familial or custodial" as used in section 794.011(4)(e), that statute being amended in 1984 and renumbered as section 794.041.[1]
*1250 According to Coleman, the legislature, by its use of the terms "familial or custodial," "intended ... to include within the statute's proscriptions any person maintaining a close relationship with children of the ages specified in the statute, and who lived in the same household with such children." Id., at 1345. Significantly, that interpretation was further clarified in footnote 2, in which we concluded that the legislature intended on a "broad basis" (emphasis supplied) to protect minor children "from the predatory influences of older persons who establish close family-type ties with them... ." Id., at 1346 (emphasis supplied).
Applying the Coleman interpretation to the instant case, we hold that the relationship that existed between Stricklen and the victim placed Stricklen in a position of familial or custodial authority. The testimony indicated that Stricklen had cultivated a very close relationship to the victim over a considerable period of time, assuming responsibility for his care practically every weekend. Although Stricklen did not reside in the victim's home, as was the case in Coleman, we are persuaded that the circumstances were such as easily to characterize the relationship as one establishing "close family-type ties." Again, drawing on the Coleman analysis, we reiterate "that the legislature has clearly manifested an intent to protect children who come under the dissolute influence of such persons, even in the absence of a showing of consanguinity or affinity [footnote omitted]." Accordingly, the trial court did not err in denying the motion for directed verdict.
However, as mentioned earlier, the trial court did err in failing to credit Stricklen's sentence with time served while awaiting sentencing. Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982). We held in Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985), that an alleged error of failure to credit jail time "may be raised for the first time on direct appeal." Id., at 1350. The supreme court subsequently approved the opinion in Dailey at 488 So.2d 582. Accordingly, the cause is remanded for that purpose.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] Section 794.011(4)(e), Florida Statutes (1983) provides:

(4) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, under any of the following circumstances shall be guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084:
* * * * * *
(e) When the victim is older than 11 but less than 18 years of age and the offender is in a position of familial, custodial, or official authority over the victim and uses this authority to coerce the victim to submit.
Section 794.041(2), Florida Statutes (Supp. 1984) provides:
(2) Any person who stands in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years of age and who:
(a) Solicits that child to engage in sexual activity is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) Engages in sexual activity with that child is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) The willingness or consent of the child is not a defense to prosecution under this section.