496 So.2d 997 (1986)
Horace Daniel COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1710.
District Court of Appeal of Florida, Fifth District.
November 6, 1986.
*998 Albert C. Simmons, Cedar Key, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Horace Daniel Collins, was convicted of sexual activity with a child over twelve years but less than eighteen years of age, in violation of section 794.041, Florida Statutes (Supp. 1983). That section provides:
(2) Any person who stands in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years of age and who:
(a) Solicits that child to engage in sexual activity is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) Engages in sexual activity with that child is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.804.
In a subsequent statement of particulars, the state added: "The defendant's custodial authority was his giving the victim a ride from the bus stop to the location of the incident."
On appeal, the defendant contends the state failed to prove the element of custodial authority over the victim, and that the custody alleged and shown in this case is insufficient pursuant to the accepted definition of "custodial". The first attack in regard to this issue was made by the defendant in a motion for new trial.[1] At a hearing on that motion, it was argued that the statute does not define "custody", and no custodial authority was shown. The argument as to the definition of the word "custodial" should have been raised either via a timely motion to dismiss or by timely objection to the court's jury instructions in regard to that definition.[2]See Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla. 1983).
Basically, we agree with the definition supplied by the First District in Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986), and Stricklen v. State, 11 FLW 2092 (Fla. 1st DCA Oct. 2, 1986). In Coleman, section 794.011(4)(e), Florida Statutes (1983) was construed by Judge Ervin and the words "familial or custodial" were interpreted "to include within the statute's proscriptions any person maintaining a close relationship with children of the ages specified in the statute, and who lived in the same household with such children." Coleman at 1345. The latter portion of the definition  "living in the same household with such children"  was applicable to the facts in Coleman, but was held in Stricklen not to be an essential factor in the definition of "custodial" under the statute; rather, such custody can occur on a temporary basis, as in Stricklen and the instant case.
*999 We believe the evidence presented below was sufficient to meet the common understanding of the word "custody", such as that offered by the trial judge from Webster's Dictionary.[3] The evidence presented showed that the victim had many contacts with the defendant, she had ridden in his truck many times, the defendant had daily contact with the victim's mother, and, in fact, the mother of the child knew, and approved, that the child was in the care of the defendant on the day the crime was committed.
AFFIRMED.
ORFINGER, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
I do not agree with the majority opinion which gives such a broad definition of the word "custodial." I do not consider one who gives a child a ride in a car to be in custody of that child for the purpose of the criminal sexual activity statute. I agree with the definition in Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986), but I would not extend it.
In my opinion he did not commit the "familial or custodial" rape.
NOTES
[1] The adequacy of the state's evidence to prove a material element of a crime may be preserved for appeal even though it was initially raised below by a motion for new trial. Mancini v. State, 273 So.2d 371 (Fla. 1973); Sanderson v. State, 390 So.2d 744 (Fla. 5th DCA 1980).
[2] Following the reading of the instructions to the jury, the defense counsel suggested to the judge that the statute defining custody was flawed since it does not specifically define what "custody" is. However, no objection to the jury instructions or to the information was raised, and no clarifying instruction was proffered.
[3] The definition offered by the judge was as follows: "Immediate charge and control exercised by a person or an authority of safe keeping."