532 So.2d 1124 (1988)
The STATE of Florida, Appellant,
v.
Amy EVERETTE, Appellee.
No. 87-1882.
District Court of Appeal of Florida, Third District.
October 25, 1988.
Robert A. Butterworth, Atty. Gen. and Michele L. Crawford, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Harvey J. Sepler, Asst. Public Defender, for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
We review an order granting a motion in limine to restrict the state, after a notice of *1125 intention to rely on "other crimes" evidence, pursuant to Section 90.404(2)(b)(1), Fla. Stat. (1979).
An information was filed charging the defendant with child abuse resulting in her infant child's death. The information was in two counts, charging aggravated child abuse, and second degree murder. The infant victim, who was less than twelve months of age, suffered at least four prior injuries while in the care of the defendant in the some thirty days prior to her ultimate death. The trial court's orders excluded conflicting statements of the defendant as to how these injuries occurred, and the child's grandmother from testifying about the prior injuries.
We believe in a child abuse case that reference to prior injuries to the child should be permitted, particularly when compared to the appropriateness of similar evidence in sexual child abuse cases. Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986); Potts v. State, 427 So.2d 822 (Fla. 2d DCA 1983); Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980) We particularly note that this court has previously approved the introduction in evidence of similar crimes in child abuse cases. See Mayberry v. State, 430 So.2d 908 (Fla. 3d DCA 1982).
We therefore reverse the order under review with directions to permit the state, if otherwise appropriate under the evidence code, to introduce evidence of prior injuries.
Reversed and remanded with directions.
BARKDULL and JORGENSON, JJ., concur.
DANIEL S. PEARSON, Judge, concurring.
As in Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986), the appellant contends that there was nothing about the prior instances of child abuse that was so similar to the instance of abuse that resulted in the child's death as to establish a modus operandi or signature crime. Conceding, arguendo, that she is correct in her contention, the evidence is nonetheless admissible "as being relevant as to whether there was a continuing pattern of abuse by appellant of familial, custodial or parental authority in the household." Coleman v. State, 485 So.2d at 1344. That the abuse is not identical or even done under the same circumstances or in the same manner is of no moment where the identity of the abuser, as here, is not in issue. Everette's anticipated defense, gleaned from her statements to the police,[1] is that the prior incidents occurred by accident or mistake, not that her daughter was not in her custody and under her control when they happened. Surely a continuous series of such "accidents" is highly relevant to proving that what happened here was no accident.
NOTES
[1] The order granting the defendant's motion in limine suppressed admissions made by the defendant concerning the prior incidents and is thus appealable. State v. Palmore, 495 So.2d 1170 (Fla. 1986). See State v. Brea, 530 So.2d 924 (Fla. 1988). The State has not appealed that part of the order preventing the police officer from testifying about statements made to him by the child's grandmother, which, as the State acknowledges, are inadmissible hearsay.