752 So.2d 615 (1999)
George CROCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03964.
District Court of Appeal of Florida, Second District.
July 9, 1999.
Rehearing Denied November 18, 1999.
*616 James Marion Moorman, Public Defender, Bartow, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
George Crocker ("Crocker") challenges his conviction of sexual activity with a child by a person in familial or custodial authority in violation of section 794.011(8), Florida Statutes (1995). Crocker raises three issues in his appeal. First, he suggests that the State failed to present sufficient evidence to withstand a motion for judgment of acquittal. Second, he charges that the trial court improperly instructed the jury as to the issue of familial or custodial authority. Finally, he alleges that the State made improper and prejudicial comments during closing arguments.
On December 15, 1996, Crocker engaged "S.H.," a twelve-year-old female child, in sexual activity. Crocker was the boyfriend of the child's aunt, Lenora Williams. He had resided with Williams for approximately five years. S.H. also lived in the home, having been placed there by the Department of Health and Rehabilitative Services. Previously, she had resided with other relatives across the street from the Williams' home. S.H. testified that she called Crocker "Uncle George," as did several other children who also resided in the home.
On the day of the incident, S.H. was under the supervision of her grandmother, who lived across the street from the Williams' home. Crocker was working that day. S.H. went to the Williams' home to do some chores and found Crocker had returned from work. Crocker asked S.H. to go with him on an errand. She went to ask her grandmother's permission. The grandmother denied the request and S.H. returned to the Williams' home. This is when the sexual conduct occurred.
Crocker suggests that the facts the State presented were not sufficient to support a finding of familial or custodial authority, and that the trial judge should have granted the motion for judgement of acquittal. He argues that under the Florida Supreme Court's definition of "familial or custodial authority" in Hallberg v. State, 649 So.2d 1355 (Fla.1994), the State must show an offer and acceptance of in loco parentis power. He suggests that the facts in this case fail to demonstrate such authority at the time of the incident.
Crocker's reliance on Hallberg is misplaced. In Hallberg, a school teacher abused a former pupil during the summer break while he was an uninvited guest in the pupil's home. See id. at 1355. The holding in Hallberg applies only to the custodial authority relationship as distinguished from the familial authority situation. See id. at 1357. We note that the phrase "familial or custodial authority" in section 794.011(8) uses the conjunction "or" and not "and." A plain reading of the statute indicates the legislature's intent to distinguish "familial" authority from "custodial" authority. Accordingly, the Hallberg definition relates only to "custodial" authority.
State v. Rawls, 649 So.2d 1350 (Fla. 1994), and Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986), more directly discuss the familial authority setting. Although Rawls specifically deals with a Williams[1] rule issue, the decision discusses in detail what is involved in a "familial relationship." The Florida Supreme Court noted that a description of the "custodial relationship" could be found in Hallberg. See Rawls, 649 So.2d at 1353 n. 2. A familial relationship requires "a recognizable bond of trust with the defendant, similar to a bond that develops between a *617 child and his grandfather, uncle or guardian." Id. at 1353.
The facts in this case involve not custodial authority, but familial authority. The testimony showed that Crocker lived with the child and the child's aunt in what appeared to be a family unit. The State presented sufficient facts to allow the jury to determine from the evidence whether the relationship between Crocker and the child was of the familial nature contemplated by the statute. The trial court did not err by denying the motion for judgment of acquittal.
Crocker also challenges the jury instruction given by the trial judge. There is no standard instruction on this issue. The judge based his instruction on Rawls, and we find the instruction adequate. The trial judge refused to give the instructions Crocker requested because they defined familial and custodial authority together by the Hallberg standards. The court was correct in denying these instructions.
Finally, we find Crocker's objection to the State's closing arguments to be without merit. Affirmed.
THREADGILL, A.C.J., Concurs.
ALTENBERND, J., Concurs specially.
ALTENBERND, Judge, Concurring.
I concur in the court's opinion because the evidence in this case was sufficient to present a jury issue on the question of "familial authority," and the instructions to the jury were sufficient to withstand review. I write separately to emphasize that our opinion should not be read to equate the statutory element of "familial authority" with the concept of "familial relationship." From my experience in reviewing hundreds of sexual battery cases, it is clear to me that a high percentage of these cases arise in a family context. They often involve boyfriends, uncles, cousins, siblings, related babysitters, or other nonparental relatives. I conclude that the legislature does not intend to enhance all such sexual batteries, but only to enhance this crime if the perpetrator has authority to control, supervise, or regulate the victim's conduct within the family setting, and the perpetrator misuses this authority, at least to some extent, to commit the crime. This authority does not necessarily need to be based upon a formal legal grant of parental or custodial rights. However, in the absence of such proof, the State should be required to prove that, under the factual circumstances of the child's family structure, the perpetrator has established a familial supervisory role for the victim. The "bond of trust" described in State v. Rawls, 649 So.2d 1350 (Fla.1994), is evidence of the position of authority, but it does not replace it. Trust can exist without authority, and authority without trust. Rawls also states that a "family relationship" is evidenced "[w]here an individual legitimately exercises parental-style authority over a child on a regular basis." Id. at 1353. In my mind, this description of family relationship is a better description of family authority.
In conclusion, I am concerned that any simple family relationship test derived from Rawls may not always be an adequate jury instruction on the issue of familial authority. A carefully written standard jury instruction is needed to address this problem.
NOTES
[1] See Williams v. State, 110 So.2d 654 (Fla. 1959).