885 So.2d 963 (2004)
Mireille VINCENT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1470.
District Court of Appeal of Florida, Third District.
November 3, 2004.
*964 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defendant, for appellant.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and GREEN, JJ.
COPE, J.
Mireille Vincent appeals her conviction for second degree murder in the stabbing death of her boyfriend. We affirm.
The question presented on this appeal is whether the trial court erred by admitting similar fact evidence under subsection 90.404(2), Florida Statutes (2003). The victim in this case was Jean David Pierre-Louis ("the victim" or "David"[1]), the former boyfriend of defendant-appellant Mireille Vincent. The defendant and the victim had a child together in 1995 but had thereafter separated.
While visiting the defendant's apartment in 2000, the victim sustained a stab wound to the chest. The State's theory was that the defendant stabbed the victim during an argument. The defense theory was that the victim fell on the knife, or walked into a wall while holding the knife, thus inflicting the fatal injury on himself by accident.
The State's evidence included the testimony of the defendant's close friend, Maritanne Jeannot. The defendant called Ms. Jeannot on the afternoon of July 3, 2000, saying that she had stabbed David during an argument. She asked Ms. Jeannot to come help her take David to the hospital.
When Ms. Jeannot arrived at the apartment David was on the floor, bleeding but conscious. Also present was Junior Charles, the defendant's current boyfriend, who had been outside when the argument occurred. The defendant said she was going to tell the police David had become dizzy and fell on the knife. The defendant asked them all to say the same thing, so she would not get into trouble. David asked to see his four-year-old child. He told the child that he was going to die and that the defendant had stabbed him.
When the police arrived, the victim and Junior Charles told the police that the victim had fallen on the knife. When Ms. Jeannot was interviewed she told the police that the defendant had stabbed the victim. Soon thereafter, Junior Charles told the police the same thing and that the story about there being an accident was untrue. The defendant left the apartment without being interviewed, fled to Boca Raton, and was arrested two months later.
The defendant testified at trial that the victim had come to the apartment with her permission. She told the victim that she was going to take a shower. When she emerged from the shower she found the victim on the floor bleeding with the knife by his side. The defense position was that the victim, who was intoxicated, had fallen or walked into the wall with the knife pointed at his chest and inflicted the stab wound by accident.
Prior to trial the State filed a notice of intent to rely on evidence of other crimes, wrongs, or acts. See § 90.404(2)(c)1., Fla. Stat. (2003). The State sought to introduce *965 other similar fact evidence to show that the stabbing of the victim was not an accident. The defense objected, and the court conducted a lengthy hearing on the admissibility of the similar fact evidence.
The State proposed to show that three months prior to the stabbing of David, the defendant stabbed her then boyfriend Junior Charles in the chest. This occurred during an argument. As Charles prepared to leave the apartment, the defendant charged at him with a knife and stabbed him in the chest, in exactly the same part of the chest that David was stabbed. Charles' mother called the police but Charles refused to cooperate and did not seek medical treatment.
The court ruled that the similar fact evidence was admissible to establish that the stabbing of the victim David had not occurred through accident or a mistake.
The defense argues that the court misinterpreted subsection 90.404(2), Florida Statutes. The defense contends that for this evidence to be admissible, it would be necessary that the defendant (a) admit that she stabbed David, and (b) claim that she did the stabbing through accident or mistake. According to the defense, only under such a scenario would the State be allowed to introduce similar fact evidence of the earlier stabbing of her then boyfriend.
We reject the defense argument on this point. The Evidence Code does not contain any such limitation. The relevant provision states:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
Id. § 90.404(2)(a) (emphasis added).
The evidence was relevant and admissible to show that the victim David was stabbed through an intentional act and not, as claimed, as a result of the victim accidentally stabbing himself by falling or walking into a wall with the knife pointed at his own chest. The fact that the defendant stabbed Junior Charles in the chest in exactly the same location during a domestic quarrel three months before was admissible on this point.
The State correctly points out that the issue presented here frequently arises in child abuse cases. Often the proffered explanation for child abuse injuries is that the child must have sustained the injuries accidentally through a fall or an injury while playing. In Evans v. State, 693 So.2d 1096 (Fla. 3d DCA 1997), the court stated:
In Pausch v. State, 596 So.2d 1216 (Fla. 2d DCA 1992), the defendant was convicted of the second degree murder of her son. At trial, the state introduced evidence that upon arriving at the hospital the child appeared undernourished and that on occasion, the defendant had used excessive force to discipline him. The Second District Court of Appeal held that the evidence was admissible because it was relevant to prove that the injuries to the child were intentional.
In Worden v. State, 603 So.2d 581 (Fla. 2d DCA), rev. denied, 603 So.2d 581 (Fla. 2d DCA 1992), the defendant was convicted of first degree murder and aggravated child abuse.... The appellate court affirmed the conviction holding that the prior abuse was relevant to show absence of mistake because the appellant argued at trial that the child's injuries were the result of an accidental fall.

*966 Finally, in State v. Everette, 532 So.2d 1124 (Fla. 3d DCA 1988) and Mayberry v. State, 430 So.2d 908 (Fla. 3d DCA 1982), we held that in a child abuse case, reference to prior injuries to the child should be permitted to establish intent and absence of mistake or accident.... In the present case the defense was that Tommie either accidentally fell off his bunk bed or suffered the injuries in question during a football game. The prior instances of physical abuse were significant, relevant and properly admitted to prove intent and the absence of mistake or accident. Even if this were not the defense, the defendant's prior physical abuse of the child would still be relevant for the same purposes.
Id. at 1101-02.
From the cited authorities it is clear that similar fact evidence is admissible to establish that the victim's injuries did not occur through mistake or accident  even where (as here) the defendant denies touching the victim.
The defense next contends that the evidence of the stabbing of Junior Charles was not similar enough to the charged crime to justify its introduction into evidence. The State replies, and we agree, that there were multiple points of similarity between the prior stabbing and the current stabbing. The relationship between the defendant and the victim was the same, girlfriend-boyfriend. Each incident occurred in the home. Each incident occurred during a domestic argument. Each incident involved a knife. Both victims were stabbed in exactly the same location on the chest. In both incidents there was a completed act of stabbing. In both incidents the defendant was remorseful after the stabbing.
The defendant argues, however, that the evidence was inadmissible because the prior stabbing was of a different person, Junior Charles. The defendant maintains that the evidence was inadmissible under Robertson v. State, 829 So.2d 901 (Fla.2002). The defendant says that under Robertson, similar fact evidence is irrelevant and therefore inadmissible if the victim in the earlier incident is different from the victim of the charged crime. The defendant misreads that case.
In Robertson, Robertson was prosecuted for murder in the shooting death of his girlfriend. Robertson maintained that he was cleaning his handgun and that it accidentally misfired, killing his girlfriend. At trial Robertson testified. The state cross-examined him regarding an incident which occurred six years previously in which Robertson had threatened his then-wife with an AK-47 rifle. The Florida Supreme Court held that the earlier incident was not admissible as similar fact evidence. That was so because of the differences between the acts. The prior act was a threat of violence but the pending charge  murder  was a completed act of violence. The prior act involved a rifle but the pending charge involved a handgun. See id. at 909; Billie v. State, 863 So.2d 323, 329 (Fla. 3d DCA 2003). Thus the similar fact evidence in Robertson was held to be inadmissible under the particular facts of that case.
Moreover, in Robertson the court discussed one of its own earlier decisions, Heuring v. State, 513 So.2d 122 (Fla.1987). Robertson, 829 So.2d at 907-09. The Heuring case was a prosecution of a defendant for sexual battery of his stepdaughter. The Florida Supreme Court upheld the introduction of similar fact evidence that Heuring had previously sexually battered a different person  his daughter  some twenty years previously. See id. at 123-25.[2] As the Florida Supreme Court *967 relied in part on Heuring when it decided Robertson, we cannot agree that the intent or effect of Robertson is to bar similar fact evidence regarding a different victim. See also Billie v. State, 863 So.2d at 329. Whether such evidence is admissible will depend on a fact-specific analysis in each case. The trial court's ruling in the present case was consistent with Robertson.
The defense next contends that even if the evidence was admissible under the Williams Rule, its unfair prejudice outweighed its probative value. See § 90.403, Fla. Stat. (2003). Again, we disagree. The trial court's ruling was within its discretion. The evidence was relevant, probative, and not unfairly prejudicial.
Affirmed.
NOTES
[1] The victim was referred to as David or Dave during the trial.
[2] The legislature subsequently amended the Evidence Code to address this issue as relates to child molestation cases. See § 90.404(2)(b), Fla. Stat. (2003); State v. Richman, 861 So.2d 1195, 1197 n. 1 (Fla. 2d DCA 2003).