WINSOR, J.
This is an appeal about child support. Joseph and Katie Knight — referred to here as the father and mother — divorced in 2014. For some time after that, they had equal time-sharing of their minor son, and the father was obligated to pay child support of approximately $200 per month. Later, after the father failed to exercise his timesharing responsibilities — essentially yielding full custody to the mother — the mother sought and obtained an order increasing the father’s monthly child-support obligation. The father now appeals that order, arguing that the trial court improperly calculated the new amount and wrongly applied the new figure retroactively.
I.
First, the father argues that the trial court was wrong to use the so-called “gross-up method” found in section *1279 61.30(ll)(b), Florida Statutes (2015). That provision, which adjusts the guideline amount, applies only if a parenting plan, court-ordered time-sharing schedule, or agreed time-sharing arrangement “provides that each child spend a substantial amount of time with each parent.” Id. Because “substantial amount of time” translates to “at least 20 percent of the overnights of the year,” id. at (ll)(b)(8), and because the child spends less than twenty percent of his nights with the father, the trial court should not have used the gross-up method.
The mother defends the trial court’s decision by arguing that the trial court has discretion to deviate from the guidelines, irrespective of section 61.30(ll)(b). That is true as a general matter, but any deviation beyond five percent of the guideline amount requires a written finding “explaining why ordering payment of [the] guideline amount would be unjust or inappropriate.” § 61.30(l)(a), Fla. Stat. (2015); see also Reynolds v. Reynolds, 668 So.2d 245, 246-47 (Fla. 1st DCA 1996). There was no such finding here, and the deviation exceeded five percent. We therefore reverse. On remand, the trial court must either establish an amount within five percent of the guideline amount or make an appropriate finding justifying an alternate award.
II.
The father also argues that the trial court was wrong to make its child-support order retroactive. Although the amount of the retroactive award was improperly calculated, the trial court was correct to award relief retroactively. Section 61.30(ll)(c), which authorizes a modification based on a parent’s failure to regularly exercise time-sharing, also provides that “[a] modification pursuant to this paragraph is retroactive to the date the noncustodial parent first failed to regularly exercise the court-ordered or agreed time-sharing schedule.” On remand, the trial court should retroactively apply the new amount.
REVERSED and REMANDED.
B.L. THOMAS and ROWE, JJ., CONCUR.