FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-3853
_____

ERIC HARDWICK,

    Appellant,

    v.

CHRISTIE SMITH,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Dawn Caloca-Johnson, Judge.

December 27, 2023


OSTERHAUS, C.J.

Eric Hardwick appeals from a child support modification order in which the trial court declined to grant retroactive modification of his obligation from the date that his minor child began living with him full time. We agree that Appellant was entitled to retroactive modification and reverse.


I.

The parties are parents to a minor child. In 2006, the parties began a timesharing schedule where their child resided primarily with Appellee. Appellant had timesharing every other weekend

and Tuesday night, as well as owed monthly child support payments until the child graduated high school or turned 19.

By agreement of the parties, beginning in March 2020, the child began to live with Appellant full time. Appellant, however, did not seek modification of the child support award until over a year-and-a-half later. When the court decided his petition, it awarded him retroactive modification of child support only from the date he filed the petition for modification in 2021. The court declined to retroactively modify the child support due from the date that the child first began living with Appellant on account of § 61.30(11)(c), Florida Statutes, which governs retroactive child support modification. The Court concluded that the statute failed to authorize retroactive modification under these circumstances because it deemed Appellant to be a noncustodial parent.

## II.

We review questions of statutory interpretation de novo. *E.g., Crapo v. University Cove Partners, LTD*, 298 So. 3d 697, 700 (Fla. 1st DCA 2020). Section 61.30(11)(c) provides that:

> A parent's failure to regularly exercise the time-sharing schedule . . . shall be deemed a substantial change of circumstances for purposes of modifying the child support award. A modification pursuant to this paragraph is retroactive to the date *the noncustodial parent* first failed to regularly exercise the court-ordered or agreed time-sharing schedule.

§ 61.30(11)(c), Fla. Stat. (emphasis added).

Chapter 61 does not define "custodial" or "noncustodial." The trial court considered Appellant to be a noncustodial parent based on the original timesharing arrangement and order in which Appellee exercised primary custody. In turn, because Appellee was the party who then discontinued exercising court-ordered timesharing when the child switched to living with Appellant, the court concluded that Appellant was not entitled to retroactive modification.

2

In determining which parent is "custodial" versus "noncustodial" under § 61.30(11)(c), we consider the parties' real-life situation and who is caring for the minor child. The party who is caring for and providing for the child's basic everyday needs is the "custodial" parent. *See Hallberg v. State*, 649 So. 2d 1355, 1357-58 (Fla. 1994) (concluding "that the term 'custodial,' absent a statutory definition, must be construed in accordance with the commonly understood definition as one having custody and control of another"; connoting "a duty or obligation to care"); *Coleman v. State*, 485 So. 2d 1342, 1345 (Fla. 1st DCA 1986) (defining custodial in a different context in terms of "a guarding or keeping safe; care; protection; guardianship."); *see also Custodial*, Merriam-Webster, https://www.merriam-webster.com/dictionary/custodial (last visited Dec. 1, 2023) (defining "custodial" as "relating to, providing, or being protective care or services for basic needs").

In this case, Appellant became the custodial parent when the child moved in with him and Appellee stopped exercising the court-ordered timesharing. *Knight v. Knight*, 208 So. 3d 1278 (Fla. 1st DCA 2017), is instructive on this point. In *Knight*, the parties originally had equal time-sharing of a minor child and neither was noncustodial under the terms of the court order. But later, "the father failed to exercise his timesharing responsibilities—essentially yielding full custody to the mother." *Id.* at 1278. This Court affirmed the retroactive modification ordered by the trial court under section 61.30(11)(c) and directed continued retroactive application on remand because the father failed to exercise his time-sharing. *Id.* at 1279.

Here, as with the father in *Knight*, the mother yielded custody of the child. Thus, under *Knight* and customary definitions of "custodial," she became "the noncustodial parent [who] . . . failed to regularly exercise the court-ordered or agreed time-sharing schedule." § 61.30(11)(c), Fla. Stat. Accordingly, Appellant qualified under the statute for retroactive modification from the date the child began to live with him full time, dependent upon the trial court's determination of the parties' comparative financial abilities. *See* § 61.30(1)(a), Fla. Stat. (requiring court to "consider[] all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and

ability of each parent"); § 61.30(11)(b)7, Fla. Stat. (allowing consideration of "the obligee parent's low income and ability to maintain the basic necessities of the home for the child").

### III.

We therefore REVERSE and REMAND for the trial court to award retroactive modification from the date that Appellee first stopped exercising the court-ordered timesharing.

KELSEY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Daniel Phillips, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Toni C. Bernstein, Sr. Assistant Attorney General, Tallahassee for Department of Revenue, Child Support Enforcement.